456 A.2d 979

**Linda ZICCARDI, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Department of General Services, Bureau of Buildings and Grounds Ronald E. Lench, Secretary, General Services: American Federation of State, County and Municipal Employees, AFL–CIO, District Council 88; American Federation of State, County and Municipal Employees, AFL–CIO, Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1982.

Decided Dec. 30, 1982.

Reargument Denied March 25, 1983.

Louis S. Rulli, Philadelphia (Court-appointed), for appellant.

Robert J. Schwartz, Asst. Atty. Gen., for appellees.

Alaine S. Williams, Philadelphia, for Amer. Fed. of State, Co. & Municipal Empl.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

Appellant, Linda Ziccardi, was employed as a clerk-typist I by the Commonwealth's Department of General Services. She received notice on November 16, 1972 that her employment would be terminated on November 23, 1972. Pursuant to the provisions pertaining to discharge in the collective bargaining agreement, appellant's exclusive bargaining representative, AFSCME, presented her grievance and represented her through the various steps of the procedure up to the point of arbitration.

In the summer of 1975, appellant was asked by a union representative if she would be willing to settle her case for reinstatement and four months back pay. Ms. Ziccardi declined to settle on those terms. On October 7, 1975, without notice to or discussion with her, AFSCME withdrew the request for arbitration and closed appellant's file.

The appellant then filed this action in the Commonwealth Court by a complaint against the Commonwealth and Ronald E. Lench, Secretary, Department of General Services

alleging in counts of assumpsit, trespass and equity, that she was wrongfully discharged, without just cause, in violation of the collective bargaining agreement, the United States Constitution, the Pennsylvania Constitution, and the Civil Rights Act of 1871; and against AFSCME in counts of trespass alleging a breach of duty of fair representation in the grievance process.

## I

In this case the bargaining agent refused to represent an employee in an arbitration proceeding arising from an alleged wrongful discharge. The Commonwealth Court held an employee's allegation of unfair representation is an unfair labor practice under Section 1201(b)(3) of the Public Employe Relations Act (PERA) 43 P.S. 1101.1201(b)(3), (Supp.1982–83), and is, therefore, within the exclusive jurisdiction of the Pennsylvania Labor Relations Board (Board). On that view, the Commonwealth Court sustained preliminary objections to the employee's complaint in trespass, assumpsit and equity against her former employer and the Union, her exclusive representative and bargaining agent. *See also Maggs v. Pennsylvania Labor Relations Board,* 50 Pa. Commonwealth Ct. 549, 554 n. 2, 413 A.2d 453, 455 n. 2 (1980); *McCluskey v. PennDot,* 37 Pa. Commonwealth Ct. 598, 607, 391 A.2d 45, 50 (1978).

The Commonwealth Court's conclusion that an employee may file an unfair labor practice against its bargaining agent is erroneous. The union's refusal to submit a grievance to arbitration does not fall under any of the categories of unfair labor practices enumerated in Section 1201(b) of PERA.[1] *See also Falsetti v. Local Union No. 2026,* 400 Pa. 145, 161 A.2d 882 (1960). In *Falsetti* this Court

---

1. Section 1201(b) provides:
   "Employe organizations, their agents, or representatives or public employes are prohibited from:
   (1) Restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.
   (2) Restraining or coercing a public employer in the selection of his representative for the purposes of collective bargaining or adjustment of grievances.

held that a public employee's remedy for his bargaining agent's refusal to submit a grievance to arbitration is an action against the union for damages for breach of its duty of fair representation.

■ Under *Falsetti,* a member of a bargaining unit has a right to sue his union for failure to proceed to arbitration when the complaint alleges bad faith. Of course, the union, like any fiduciary, must be given broad discretion in determining whether to pursue the remedy. *Falsetti v. Local Union No. 2026, United Mine Workers,* 400 Pa. at 168 n. 19, 161 A.2d at 894 n. 19 (1960). Furthermore, the issue of just cause does not determine liability for this breach. Whether there was just cause becomes relevant on the issue of damages, only after bad faith has been shown. For these reasons, the Commonwealth Court's order sustaining preliminary objections as to the action against the union must be vacated and the case remanded for further proceedings consistent with this opinion.

## II

Appellant is not entitled to bring an equity and assumpsit action against her employer for breach of the collective

(3) Refusing to bargain collectively in good faith with a public employer, if they have been designated in accordance with the provisions of this act as the exclusive representative of employes in an appropriate unit.

(4) Violating any of the rules and regulations established by the board regulating the conduct of representation elections.

(5) Refusing to reduce a collective bargaining agreement to writing and sign such agreement.

(6) Calling, instituting, maintaining or conducting a strike or boycott against any public employer or picketing any place of business of a public employer on account of any jurisdictional controversy.

(7) Engaging in, or inducing or encouraging any individual employed by any person to engage in a strike or refusal to handle goods or perform services; or threatening, coercing or restraining any person where an object thereof is to (i) force or require any public employer to cease dealing or doing business with any other person or (ii) force or require a public employer to recognize for representation purposes an employe organization not certified by the board.

(8) Refusing to comply with the provisions of an arbitration award deemed binding under section 903 of Article IX.

(9) Refusing to comply with the requirements of 'meet and discuss.' "

bargaining agreement. That procedure was specifically disapproved in *Falsetti*.

In *Falsetti* an employee brought an action in equity against his employer and collective bargaining agent. The employee claimed, as a third party beneficiary of the collective bargaining agreement, he had the standing to enforce it. The *Falsetti* court determined that the parties to the agreement, the Union and the employer, had sought to avoid litigation by providing for arbitration of grievances, a procedure to be initiated by the Union. The *Falsetti* Court concluded that the employee's remedy was by way of an action against the Union for breach of its fiduciary duty.

In effect, the appellant is a beneficiary of the appellee Company's promises as to seniority rights, but the Company has limited those promises by refusing to entertain claims based on such rights (beyond the initial complaint stage) unless brought by the other party to the Agreement, the trustee Union. The limited character of the Company's promises serves to defeat any attempt to get redress individually.

To view this type of agreement otherwise would lead to chaos and a breakdown in the entire scheme of collective bargaining for which the parties have provided and contracted. Instead of being able to rely on the disposition of employee grievances through the established machinery, the Company would face the constant threat of attempted individual enforcement through litigation. Union responsibility would be diminished and all parties would suffer. For these reasons, most, if not all, Union-management agreements of any magnitude in force throughout the Commonwealth are similarly drafted, with an eye toward reposing enforcement responsibility in the labor organization concerned.

As Judge Fuld of the New York Court of Appeals, concurring in a recent decision very similar to ours, concluded: ". . . absent specific language giving the employee the right to act on his own behalf, it is my conclusion that, under a collective bargaining agreement such as the one

before us—which contains provision for the submission of unsettled disputes to arbitration—the union alone has a right to control the prosecution of discharge cases. (*See* Cox, Rights Under a Labor Agreement, 69 Harv.L.Rev. 601, 648–652." *Parker v. Borock,* 5 N.Y.2d 156, 159 [182 N.Y.S.2d 577, 582], 156 N.E.2d 297, 300 (1959). With this approach we wholeheartedly concur.

*Id.,* 400 Pa. at 169–70, 161 A.2d at 894–895 (footnote omitted).

We hold, as a general rule, that an employee has no right to sue his employer in equity and assumpsit for wrongful discharge where his union has refused to proceed to arbitration. Of course, we do not here reach the situation where he alleges and shows by specific facts that the employer actively participated in the union's bad faith, or conspired with it to deny the employee the job protection accorded him by the collective bargaining agreement. By giving the employee an unfettered right to sue the employer for the union's bad faith, we would relieve the wrongdoer of any effective sanction, make the plaintiff whole at the expense of an innocent party and bind that innocent party by the action of the plaintiff's agent, over whom it has no control. This would be in total violation of the principles of the law of agency. Furthermore, any attempt by the employer to exercise control over the union in such matters violates fundamental principles of labor law concerning the right of the bargaining agent and its members to be free of employer coercion. Thus, the Commonwealth Court correctly sustained the preliminary objections to the action against the employer on the theory of breach of the bargaining agreement's just cause provision.

However, the causes of action against the employer, asserted in counts 2, 3 and 4 of appellant's amended complaint, seeking relief under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, require further consideration. The case is remanded to the Common-

wealth Court for further proceedings consistent with this opinion.

LARSEN, J., files a concurring and dissenting opinion in which O'BRIEN, C.J., and ROBERTS, J., join.

LARSEN, Justice, concurring and dissenting.

## I.

As the majority does, I reject the notion that a union's breach of duty in processing a grievance is an unfair labor practice within Section 1201(b) of the Public Employe Relations Act, 43 P.S. § 1101.1201(b) and is therefore within the exclusive jurisdiction of the Pennsylvania Labor Relations Board. I concur with the majority's ruling that a member of a bargaining unit has a right to sue the union for damages for breach of its duty of fair representation in the grievance process. *Falsetti v. Local Union No. 2026, United Mine Workers,* 440 Pa. 145, 161 A.2d 882 (1980). Accord: *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

## II.

I disagree, however, with the majority in holding that the appellant is not entitled to maintain an action against her employer for discharge without just cause in violation of the collective bargaining agreement. As a rule, an employee who is a beneficiary of a bargaining agreement is strictly bound by the terms relating to the pursuit of remedies for alleged violations of that agreement. Whatever remedial rights the employee has must originate within the terms of the collective bargaining agreement. *Falsetti v. Local Union No. 2026, United Mine Workers, supra.*

"In effect, the [employee] is a beneficiary of the [employer's] promises [under the Agreement] but the [employer] has limited those promises by refusing to entertain claims based on [violations of the Agreement] . . . unless brought by the other party to the Agreement, the [employees' bargaining representative]. The limited character of the

[employer's] promises serves to defeat any attempt to get redress individually."

*Falsetti v. Local Union No. 2026, United Mine Workers, supra.*

As a result, where an employee is discharged in violation of a bargaining agreement, (as is alleged by appellant in this case) the aggrieved employee is limited to seeking a remedy through the contractually adopted procedures. Generally, the employee who is wrongfully discharged may not resort to the courts before the grievance procedures established by the contract have been fully exhausted. However, because the remedies provided by a collective bargaining agreement, more often than not, are controlled by the union and employer, "they may prove unsatisfactory or unworkable for the individual grievant". *Vaca v. Sipes,* 386 U.S. at 184, 87 S.Ct. at 914 (1967). The question that arises then is whether there are instances where an individual employee may obtain judicial review of a breach of contract claim against the employer notwithstanding the failure to exhaust contractually provided remedies.

I believe such an instance exists where an employee seeks enforcement of contractual rights and a union, which possesses the exclusive power to invoke the higher stages of the grievance procedure, prevents the employee from exhausting the contract remedies by wrongfully refusing to process the grievance. In such a situation an employee is forced into an untenable position. The employee has a grievance against the employer for breach of contract. Under the terms of the contract which the employer has breached, the employee is restricted to seeking relief within the remedial procedures established by the agreement. Such employee, thus, cannot pursue, on his own, the contract remedies to the fullest extent. Under the agreement, the employee must rely on the union to prosecute his grievance. If the union breaches its obligation by wrongfully refusing or neglecting to pursue the grievance, then the aggrieved employee would be left without an effective remedy as to the employer. He would have a theoretical remedy and yet be deprived of the

means of enforcement. This is the plight of the appellant in this case. She alleges that her employer has wrongfully discharged her in violation of the collective bargaining agreement. The agreement which she claims the Commonwealth violated restricts her pursuit of a remedy to the procedure established therein. Further, that same agreement provides that only the union may prosecute a grievance at the arbitration level. Additionally, she alleges that the union has wrongfully failed to proceed with arbitration on her behalf. As a result, she is unable to pursue the remedy she seeks within the procedures established by the contract. In short, she was prevented from exhausting her contractual remedies by alleged wrongful conduct on the part of the union.

"It is true that the employer in such a situation may have done nothing to prevent exhaustion of the exclusive contractual remedies to which [the employer] agreed in the collective bargaining agreement. But the employer has committed [an alleged] wrongful discharge in breach of that agreement, a breach which could be remedied through the grievance process to the [employee's] benefit were it not for the union's breach of its [duty to represent the employee fairly in the grievance process]. To leave the employe remediless in such circumstances would, . . . be a great injustice. We cannot believe that [the legislative intent], in conferring upon employers and unions the power to establish exclusive grievance procedures, was to confer upon unions such unlimited discretion to deprive injured employees of all remedies for breach of contract. Nor do we think that the [legislative intent] was to shield employers from the natural consequences of their breaches of bargaining agreements by wrongful union conduct in the enforcement of such agreements".

*Vaca v. Sipes, supra.*

In *Falsetti v. Local Union No. 2026, United Mine Workers, supra* this court recognized (in Note 22) that in cases where an employee sues his union for a breach of duty, "the employer may be joined, under proper circumstances, as a

codefendant for participating in the union's breach of its fiduciary obligations."

Accordingly, I would hold that in instances where an employee is wrongfully discharged (as the appellant alleges here) and seeks a remedy through the established grievance procedure, but is prevented from pursuing a contract remedy by the union's breach of duty of fair representation in processing the grievance, (as the appellant alleges here) that employee can maintain an action against the employer despite the failure to exhaust the contractual remedies.

O'BRIEN, C.J., and ROBERTS, J., join in this concurring and dissenting opinion.