## Tolfa v. Ambridge Area Education Association

*Arnold Y. Steinberg,* for plaintiffs.

*D. R. Delaney,* for defendants.
*Harry E. Knafelc,* for additional defendant.

MANNIX, *J.,* February 24, 1984—This matter comes before the court on motions for summary judgment filed by all of the above named parties. They have moved for summary judgment pursuant to Pa.R.C.P. 1035(b).

The contention of the Ambridge Area Education Association (hereinafter "Association") is that a careful reading of the pleadings demonstrates that plaintiffs are in fact alleging an "unfair labor practice". The Ambridge Area School District (hereinafter "School District") joins in this position. If in fact this is a suit based upon an alleged "unfair labor practice" then clearly this court is without proper subject matter jurisdiction and the claim, if not otherwise barred by the applicable statute of limitation, must be filed with and proceed before the Pennsylvania Labor Relations Board. 43P.S.§1101.1301

This necessitates a careful review of the factual history of the case and the allegations contained in the plaintiffs' complaint and amended complaint.

The Association is the statutorily designated bargaining unit for teachers in the School District. Plaintiffs are teachers in the School District who have chosen not to become members of the Association. However, and all parties agree, plaintiffs were covered by the Collective Bargaining Agreement adopted by the Association and the School District which Agreement expired on June 30, 1976.

Bargaining for a new contract had begun on January 10, 1976; after no agreement could be reached, mediation sessions were held in the summer of 1976; mediation sessions terminated on August 28, 1976, and on August 30, 1976, the Association initiated a strike. However, on the latter date, plaintiffs

chose to report to work and five out of the six plaintiffs crossed the Association's picket line and entered the school building. On the following day, the School District cancelled all classes for the duration of the strike.

On October 5, 1976, the Court of Common Pleas of Beaver County issued an Injunction ordering the teachers to return to work. In the opinion and order granting the injunction, the court held that the strike was illegal for the failure of the parties to exhaust the impasse procedures of Sections 801 and 802 of Act 195. On October 6, 1976, the teachers returned to work in compliance with the order of court. After a number of preliminary objections filed by the Association and a number of Amended Complaints, the Association filed an answer and joined the School District as an additional defendant. The School District filed preliminary objections which were dismissed by an order of court dated August 29, 1980. After all pleadings and discovery were completed, plaintiffs filed a certificate of readiness in November 1983. Then the Association moved for summary judgment; the School District also filed a motion for summary judgment; and plaintiffs filed a cross-motion for summary judgment, all of which are now before this court for disposition.

To dispose of said motions, we must first review the allegations set forth in plaintiffs' complaint and amended complaint. When read together, the substance of the Association's alleged liability is as follows:

1. That the Association began an illegal strike;

2. That said strike was motivated by malice on the part Association members in that the Association intentionally breached its collective bargaining agreement with the School District;

3. That the Association failed to live up to the obligations set forth in said collective bargaining agreement;

4. That the Association set up picket lines which prevented plaintiffs from entering the school and resuming employment;

5. That the defendant's violated provisions of Act 195 (43 P.S. §§1101.803, 1101.002) by engaging in an illegal strike and refusing to bargain in good faith.

All parties to this lawsuit recognize "exceptions" to the rule that jurisdiction over labor disputes is vested exclusively with the Pennsylvania Labor Relations Board. A union's refusal to submit an employee's grievance to arbitration does not constitute an unfair labor practice as set forth in Section 1201 (b) of The Public Employee Relations Act (43 P.S. 1101.101 et seq) and therefore, the Court of Common Pleas may entertain jurisdiction over such a claim. Ziccardi v. Commonwealth, ____ Pa. ____, 456 A.2d 979 (1982). Also, a court may have jurisdiction over a common law action to enforce a contract. Building Service Employees International Union, Local 252 v. Schlesinger, 440 Pa. 443, 452 n.3, 269 A.2d 894, 896 (1970); Hollinger v. Department of Public Welfare, 469 Pa. 358, 365 A.2d 1245, 1249 n.10 (1976).

Keeping these exceptions in mind, we must determine whether plaintiffs are essentially alleging unfair labor practices exclusively under the jurisdiction of the Pennsylvania Labor Relations Board or whether the above summarized allegations come with the recognized exceptions and therefore fall outside the limits of the board's power. From a review of the pleadings and the facts of this case, and after hearing oral arguments and reviewing the

briefs, it is apparent that the recognized exceptions do not apply here.

Initially, we note that the Plaintiffs' averments that the Association engaged in an illegal strike is an issue that has already been litigated and the strike was held to be illegal by Judge Reed of this Court at No. 1595 of 1976. As for Plaintiffs' charges against the Association for breach of the collective bargaining agreement, such a procedure was specifically disapproved by the Supreme Court of Pennsylvania in Falsetti v. Local Union No. 2026, United Mine Workers, 400 Pa. 145, 161 A.2d 882 (1960). In Falsetti, the court determined that the parties to the agreement, the union and the employer, had sought to avoid litigation by providing for arbitration of grievances through a procedure to be initiated by the union as designated bargaining agent. If the union, as bargaining agent, fails to process the employee's grievances, then the employee's remedy would be by way of an action against the union for breach of its duty of fair representation. Falsetti, supra.; Ziccardi v. Commonwealth, supra. This rule would apply equally to union and non-union members since a union owes a duty of fair representation to all members of the bargaining unit it is certified to serve. P.L.R.B. v. Eastern Lancaster County Education Association, 58 Pa. Commw. 78, 427 A.2d 305 (1981). As the exclusive representative of the employees in the bargaining unit, the Association has a statutory duty under Section 606 of the Act of represent all those employees without hostility or discrimination toward any, regardless of membership or non-membership in the Association. P.L.R.B. v. Phoenixville Area Education Association, and Phoenixville Area School District, 8 PPER 361 (1977). Thus, such a cause of action would not be available to plaintiffs in the case at bar

since the record reveals that plaintiffs never attempted to initiate internal grievance procedures and, in fact, did not even allege a breach of duty of fair representation in their complaint or amended complaints. Also, we cannot accept plaintiffs' argument that this case is, in substance, an action for breach of contract for not only are all of plaintiffs' pleadings captioned in trespass but the agreement in question expired on June 30, 1976, before the time the illegal strike was called and the subsequent events arose.

Finally, plaintiffs remaining charges against the Association essentially amount to allegations of bad-faith. Said allegations, if proven true, are clearly unfair labor practices as set forth under Sections 1101. 1201(b)(3). Accordingly, this court is without jurisdiction to hear this matter since the Pennsylvania Labor Relations Board is vested with exclusive power to deal with labor matters which arguably amount to unfair labor practices Hollinger v. Department of Public Welfare, supra.; Pronko v. Commonwealth, 44 Commw. 541, 402 A.2d 1382 (1979).

For the above stated reasons, we need not rule on the other issues raised by the parties. Defendant and additional defendant are entitled to motion for summary judgment and plaintiffs' motion for same must be denied. Therefore, the following order is entered.

## ORDER

And now, this February 24, 1984, it is hereby ordered and decreed as follows:

1. The cross-motion of plaintiffs for summary judgment is denied.

2. The motions for summary judgment of the original defendants, Ambridge Area Education As-

sociation, et al., and the additional defendant, Ambridge Area School District, are granted and judgment is entered in their favor and against plaintiffs in this action.