## Abernathy v. Hazleton Area School District

*Conrad A. Falvello,* for plaintiffs.
*A. Martin Herring,* for defendant.

DALESSANDRO, *J.*, July 8, 1986—This matter is before the court on the preliminary objections filed by defendant Hazleton Area Education Association — PSEA/NEA.

## HISTORY AND FACTS

This action was commenced by the filing of a praecipe of summons on March 30, 1983; following a period of discovery, the complaint was filed on November 14, 1985.[1] Comprised of six counts, the complaint seeks damages based on breach of contract, statutory and constitutional violations, and breach of fiduciary duty; the complaint also seeks punitive damages. All causes of action arise as a result of a resolution entered into between defendants on August 26, 1982, which allegedly violated contractural and fiduciary duties between plaintiffs and defendant association; in short, the resolution allegedly excluded plaintiffs from collecting early retirement benefits, for which they had earlier qualified pursuant to the terms of the Public School Employees' Retirement Code, 24 Pa.C.S. §8101, et seq. On January 6, 1986, the association filed preliminary objections in the nature of a demurrer. This matter is presently before us for disposition.

---

1. An amended complaint was filed on May 29, 1986, pursuant to a stipulation of counsel; however, the amended complaint is nothing more than the original complaint with two exhibit attachments which had been inadvertently omitted from the original complaint.

## DISCUSSION AND LAW

Although the association captions its preliminary objection as a demurrer, it is actually a petition raising a question of jurisdiction inasmuch as it seeks dismissal of the complaint on the basis that exclusive jurisdiction of this matter lies with the Pennsylvania Labor Relations Board.

Section 1301 of the Public Employees Relations Act, 43 P.S. §1101.101 et seq., provides that:

"The board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair practice listed in Article XII of this act. This power shall be exclusive and shall not be affected by any other means of adjustment of prevention that have been or may be established by agreement, law, or otherwise." (footnote omitted) 43 P.S. §1101.301.

Thus, this court must first determine whether the association's alleged acts of agreeing to the adoption of an early retirement policy, which contained conditions which arbitrarily excluded plaintiffs from receiving these benefits,[2] falls within the definitions of "unfair labor practices" as defined in 43 P.S. §1101.1201(b)(1) and (3).[3] If the association's alleged acts fall within this definition, this matter would properly come under the exclusive jurisdic-

---

2. See complaint, paragraph 18.

3. In pertinent part, section 1201 provides:

"(b) Employee organizations, their agents, or representatives or public employes are prohibited from:

":(1) Restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.

. . .

"(3) Refusing to bargain collectively in good faith with a public employer, if they have been designated in accordance with the provisions of this act as the exclusive representative of employes in an appropriate unit."

tion of the PLRB. In *Hollinger v. Department of Public Welfare,* 469 Pa. 358, 365 A.2d 1245 (1976) our Supreme Court stated:

"If a party directly seeks redress of conduct which arguably constitutes one of the unfair labor practices listed in Article XII (section 1201) of the PERA, 43 P.S. §1101.1201 (Supp. 1976), jurisdiction to determine whether an unfair labor practice has indeed occurred and, if so, to prevent a party from continuing the practice is in the PLRB, and nowhere else." *Hollinger* at 366, 365 A.2d at 1250.

In order to properly dispose of this issue, plaintiffs' complaint must be read as a whole, and so read, the thrust of their allegations alleges a breach of fair representation by the association for the express failure to file a grievance or to grieve any of the terms or conditions of an early retirement policy. In *Falsetti v. Local Union No. 2026,* 400 Pa. 145, 161 A.2d 882 (1960), the following rules were recognized:

"The aggrieved member-employee, limited to seeking relief against the union, is not without effective remedy. In entering into this agreement, the union has assumed the role of trustee for the rights of its members and other employees in the bargaining unit. The employees, on the other hand, have become beneficiaries of fiduciary obligations owed by the union. As a result, the union bears a heavy duty of fair representation to all those within the shelter of its protection. If the union, in processing an employee's grievance, does not act in good faith, in a reasonable manner and without fraud, it becomes liable in damages for breach of duty. In this way, the employee is recompensed for the harm he had suffered, and yet the process of collective bargaining in the industry is meaningfully preserved." (citations and footnote omitted) *Falsetti* at 171-172,

161 A.2d at 895-896. In a later decision, our Supreme Court stated:

"The union's refusal to submit a grievance to arbitration does not fall under any of the categories of unfair labor practices enumerated in section 1201(b) of PERA." *Ziccardi v. Commonwealth,* 500 Pa. 326, 329, 456 A.2d 979, 980 (1982). The *Ziccardi* court, in interpreting *Falsetti,* stated that, "A member of a bargaining unit has a right to sue his union for failure to proceed to arbitration when the complaint alleges bad faith." *Ziccardi* at 330, 456 A.2d at 981. A fair reading of the complaint indicates that plaintiffs have sufficiently alleged bad faith upon the part of their union, the association.

Moreover, in *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed. 2d 842 (1967), the United States Supreme Court held that a state court had jurisdiction over an individual union member's action against his union and employer, based on a claim for wrongful discharge in violation of a collective bargaining agreement; the *Vaca* court also noted that the individual's union had arbitrarily and without cause refused to arbitrate the grievance with his employer. The union's answer included the defense that the state court lacked jurisdiction because the gravamen of plaintiff's suit was "arguably and basically" an unfair labor practice under section 8(b) of the National Labor Relations Act, as amended, 29 U.S.C. §158A(b). and within the exclusive jurisdiction of the NLRB. The court reasoned:

"[A]nother situation when the employee may seek judicial enforcement of this contractual rights arises if, as is true here, the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's

594

*wrongful* refusal to process the grievance. . . . [T]he employer in such a situation may have done nothing to prevent exhaustion of the exclusive contractual remedies . . . But the employer has committed a . . . breach of that agreement . . . which could be remedied through the grievance process . . . were it not for the union's breach of its statutory duty of fair representation . . . To leave the employee remediless in such circumstances would, in our opinion, be a great injustice." (emphasis and ellipsis in original) 386 U.S. at 185-186, 87 S.Ct. at 914.

Accordingly, it is apparent to this court that the plaintiffs have sufficiently pleaded a breach of the duty of fair representation by the association, when it refused to grieve the terms of the early retirement benefits; the alleged actions and/or inactions of the Association do not fall under any of the categories of unfair labor practices enumerated in section 1201(b) of PERA, and jurisdiction is properly in this forum.

## ORDER

It is hereby ordered that the preliminary objections filed by defendant Hazleton Area Education Association — PSEA/NEA are overruled.