526 A.2d 834

Louise Fleck, Plaintiff *v.* American Federation of State, County and Municipal Employees, AFL-CIO, Dauphin County Pennsylvania Public Employees District Council 90 and Commonwealth of Pennsylvania, Department of Aging, Defendants.

Argued April 21, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

J. Jay Cooper, Goldberg, Evans & Katzman, P.C., for petitioner.

Gary R. Gordon, with him, Stuart W. Davidson, Kirschner, Walters, Willig, Weinberg & Dempsey, for defendant, Union.

Susan J. Forney, Deputy Attorney General, with her, Allen C. Warshaw, Chief Deputy Attorney General, Chief, Litigation Section, and LeRoy S. Zimmerman, Attorney General, for defendant, Commonwealth.

OPINION BY JUDGE CRAIG, May 27, 1987:

The Pennsylvania Department of Aging (department) has filed preliminary objections to Louise Fleck's amended complaint, requesting that this court dismiss Ms. Fleck's amended complaint because Ms. Fleck lacks standing to bring this action and has failed to state a cause of action.

Ms. Fleck's amended complaint, filed in the Court of Common Pleas of Dauphin County against her union as

well as against the department, alleges that the department had wrongfully denied her Blue Cross and Blue Shield benefits, and that the American Federation of State, County and Municipal Employees (AFSCME) had failed to submit her grievance in a timely manner. The parties stipulated that the matter should be transferred from the trial court to this court, and on April 3, 1985, the trial court, upon consideration of the parties' stipulation, ordered that the case be transferred.

Ms. Fleck, in her amended complaint, averred that during her job interview with the department in July, 1983, a department personnel representative advised her that she would be entitled to fully paid Blue Cross and Blue Shield benefits upon her retirement. Ms. Fleck further alleged that, during her exit interview, on August 26, 1983, a department personnel representative informed her that she would not be eligible for those benefits upon her retirement.[1]

Ms. Fleck also averred that she contacted AFSCME, on August 29, 1983, concerning the filing of a grievance against the department because of the department's wrongful denial of benefits. AFSCME allegedly did not respond. Ms. Fleck further averred that she again spoke with AFSCME on September 2, 1983 and September 19, 1983 regarding the filing of a grievance, and that AFSCME did not file a grievance on her behalf until March 20, 1984, when that grievance was filed to the third step of the grievance process.

On April 11, 1984, the department denied the grievance because it was untimely. AFSCME, on April 24, 1984, again filed a grievance, on Ms. Fleck's behalf, to the fourth step of the grievance procedure. On July 26, 1984, the department again denied the grievance

---

[1] Ms. Fleck allegedly had to terminate her employment to care for her brother who had become seriously ill.

because it was untimely. Ms. Fleck averred that she requested AFSCME to seek arbitration of her grievance. AFSCME allegedly refused to submit Ms. Fleck's grievance to arbitration. Ms. Fleck contends that AFSCME breached its duty of fair representation because of its failure to properly process her grievance.

Ms. Fleck seeks judgment against AFSCME for an amount in excess of $10,000 plus cost of suit, and in the alternative, seeks an order directing the department and AFSCME to arbitrate her grievance *nunc pro tunc* on the merits.

The department contends, in its preliminary objections, that Ms. Fleck lacks standing to bring this action against the department. The department relies on *Maggs v. Pennsylvania Labor Relations Board,* 50 Pa. Commonwealth Ct. 549, 413 A.2d 453 (1980) and *McCluskey v. Department of Transportation,* 37 Pa. Commonwealth Ct. 598, 391 A.2d 45 (1978), for the proposition that an employee does not have standing to bring suit against an employer for violation of the collective bargaining agreement.

In *Maggs* this court stated that an employee could not invoke arbitration under the employer and union's memorandum agreement because the agreement authorized only the parties to the agreement to request arbitration. Because the employee was not a party to the memorandum agreement, the court held that the Pennsylvania Labor Relations Board did not abuse its discretion in refusing to issue a complaint on the employee's charges of unfair practices.

Similarly, in *McCluskey* this court ruled that an employee had no standing to appeal from an arbitration award because only the employer and union, as parties to the collective bargaining agreement which governed the arbitration procedure, were parties to the arbitration proceeding and had standing to appeal from the arbitrator's award.

Nevertheless, in *Martino v. Transport Workers' Union of Philadelphia, Local 234,* 505 Pa. 391, 480 A.2d 242 (1984), our Supreme Court stated:

> However, where necessary to provide a meaningful remedy by arbitration, when that remedy is denied by the union's fraud or bad faith, the employer can be joined in the employee's action against the union for its bad faith breach of fiduciary duty and the chancellor may fashion an appropriate equitable remedy which would permit grievance arbitration *nunc pro tunc.*

505 Pa. at 394, 480 A.2d at 243-44.

Because Ms. Fleck's action is grounded upon AFSCME's alleged breach of its duty to process a grievance fully, and seeks arbitration by way of relief, the department can be joined in Ms. Fleck's action against AFSCME, solely for the implementation of relief by way of arbitration, as in *Martino.* Therefore, Ms. Fleck does have standing to bring this action against the department.

The department also contends that Ms. Fleck has failed to state a cause of action against the department, and that Ms. Fleck's remedy is against AFSCME, citing *Ziccardi v. Commonwealth,* 500 Pa. 326, 456 A.2d 979 (1982). In *Ziccardi* our Supreme Court stated, "[w]e hold, as a general rule, that an employee has no right to sue his employer in equity and assumpsit for wrongful discharge where his union has refused to proceed to arbitration." 500 Pa. at 332, 456 A.2d at 981.

> However, in *Martino* our Supreme Court ruled:
> We therefore further define *Ziccardi* by holding that an employee may seek in equity under either our state or federal law by joining his employer where the union breaches its duty of fair representation when such joinder is necessary to afford him an adequate remedy.

505 Pa. at 397, 480 A.2d at 245. The court further stated:

> *Ziccardi* does preclude an employee from directly seeking reinstatement in a court action for wrongful discharge; it does not prevent an equity court from fashioning a remedy which will effectuate the parties' collective bargaining agreement so long as its decree insures compliance with PERA's [Public Employe Relations Act] requirement of mandatory grievance arbitration. In requiring mandatory arbitration of public employees' grievances, the legislature certainly did not intend to shield the employer from the natural consequences of its breach of the collective bargaining agreement, nor did the legislature intend to deprive employees of the right, under proper circumstances, to seek equitable relief compelling pursuit of the statutorily prescribed grievance arbitration procedures under a collective bargaining agreement precluding the employee from seeking his statutory remedy. Thus, the Chancellor may, under proper circumstances, order the union and employer to arbitrate the aggrieved employee's grievance; and, where the arbitrator deems it appropriate, he may order reinstatement.

505 Pa. at 407-08, 480 A.2d at 250-51.

The ultimate issue here therefore is whether the equitable remedy of arbitration, made available by *Martino* in a wrongful discharge case, is available in an alleged wrongful denial of benefits case.

In light of our Supreme Court's emphasis, in *Martino*, on the importance of an employee's statutorily prescribed remedy of arbitration, we conclude that the *Martino* equitable remedy of arbitration is also available here in an alleged wrongful denial of benefits case.

Assuming, as we must, that Ms. Fleck's averments in her amended complaint are true, *Rousseau v. City of Philadelphia*, 100 Pa. Commonwealth Ct. 173, 514 A.2d 649 (1986), Ms. Fleck has stated a cause of action against the department.

Accordingly, the department's preliminary objections are overruled.

### ORDER

Now, May 27, 1987, the Department of Aging's preliminary objections are overruled, and the department shall file a responsive pleading within thirty days of the date of this order.