J-A17003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAROL BERGIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| TEAMSTERS LOCAL UNION NO. 77 | : | |
| | : | |
| Appellee | : | No. 114 EDA 2017 |

Appeal from the Order November 29, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  No. 08-01890

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:　　　　　　**FILED NOVEMBER 28, 2017**

Appellant, Carol Bergin, appeals from the order entered in the Delaware County Court of Common Pleas, which sustained the preliminary objections of Appellee, Teamsters Local Union No. 77 and dismissed Appellant's complaint with prejudice.  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant's husband, Thomas Bergin, was an employee of the Pennsylvania Turnpike Commission ("PTC") and a member of Appellee labor union. Appellee and the PTC were parties to a Collective Bargaining Agreement ("Agreement"), which governed the terms of Mr. Bergin's employment.  The Agreement required automatic termination of an employee, if the employee had more than three unauthorized absences.  On May 24, 2005, police arrested Mr. Bergin after work.  During his incarceration, Mr. Bergin suffered

_____

*Retired Senior Judge assigned to the Superior Court.

a broken wrist and dislocated shoulder. Due to his arrest, Mr. Bergin missed work on May 25-26, May 28-29, May 31-June 1, and June 3. Mr. Bergin used his remaining leave to cover his absence from work on May 25-26; however, the PTC treated Mr. Bergin's remaining absences as unauthorized due to his lack of available leave time. Because Mr. Bergin had more than three unauthorized absences, the PTC automatically terminated Mr. Bergin on June 3, 2005, pursuant to the terms of the Agreement. With representation from Appellee, Mr. Bergin filed a grievance against the PTC, which claimed the PTC fired Mr. Bergin due to a pre-existing work-related medical condition and his political views, not his arrest-related absences. The PTC denied Mr. Bergin's grievance on July 15, 2005, and Mr. Bergin subsequently requested an arbitration hearing. Prior to the arbitration hearing, Mr. Bergin died on October 16, 2005.

Appellee represented Mr. Bergin's interests posthumously at the arbitration hearing. Appellee did not notify Appellant of the hearing date or location despite Appellant's request to attend. Following the arbitration hearing, Mr. Bergin's grievance was denied. On February 14, 2008, Appellant filed a *praecipe* for writ of summons against Appellee. Appellant subsequently filed a complaint against Appellee on April 14, 2010, which claimed Appellee failed to provide due process and breached its duty of fair representation with respect to Mr. Bergin's grievance. On May 19, 2010, Appellee filed a petition to remove the case to United States District Court

for the Eastern District of Pennsylvania. In federal court, Appellee filed a motion to dismiss the action pursuant to F.R.C.P. 12(b)(6). The federal court subsequently dismissed the due process claim and remanded the case to the state trial court for resolution of Appellant's duty of fair representation claim.

On remand, Appellant filed a *praecipe* for the entry of default judgment, and the court entered default judgment against Appellee on August 28, 2012. On September 6, 2012, Appellee filed a petition to strike/open the default judgment, and Appellant filed a response on September 26, 2012. The court granted Appellee's petition to strike/open the default judgment on November 30, 2012. Appellee filed a motion for Appellant to file the federal court certified record in the trial court on December 13, 2012. The December 13, 2012 motion also asked the trial court to treat Appellee's motion to dismiss pursuant to F.R.C.P. 12(b)(6), as preliminary objections. Appellant filed a response on January 2, 2013, in which Appellant agreed to file the certified record from federal court in the trial court and stipulated to the trial court's usage of the Rule 12(b)(6) motion as preliminary objections. The January 2, 2013 response, however, asked the court to overrule Appellee's preliminary objections.

On June 11, 2013, Appellant filed the certified record from the federal court in the trial court. Appellant filed a *praecipe* for determination on August 29, 2015. On November 29, 2016, the trial court sustained

Appellee's preliminary objections and dismissed Appellant's complaint with prejudice. Appellant timely filed a notice of appeal on December 28, 2016. The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issue for our review:

> THE [TRIAL] COURT ERRED IN GRANTING…APPELLEE'S PRELIMINARY OBJECTIONS WHICH WERE IN THE FORM OF A [RULE] 12(B)(6) FEDERAL MOTION.

(Appellant's Brief at 3).

Appellant argues Appellee should have allowed Appellant to participate in the arbitration. Appellant asserts Appellee initially informed Appellant that she could participate in the arbitration proceedings. Appellant maintains Appellee subsequently refused to inform Appellant of the time and date of the hearing. Appellant avers Appellee's refusal to include Appellant in the arbitration proceeding resulted in the loss of benefits, which should have passed to her upon Mr. Bergin's death. Appellant submits these errors constituted a breach of Appellee's duty of fair representation. Appellant concludes the court erred when it sustained Appellee's preliminary objections and dismissed Appellant's complaint with prejudice, and this Court should reverse and remand for further proceedings. We disagree.

As a prefatory matter, we note appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania

Rules of Appellate Procedure; this Court may quash or dismiss an appeal if an appellant fails to comply with these requirements. Pa.R.A.P. 2101. ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Rule 2111 provides in relevant part:

> **Rule 2111. Brief of the Appellant**
>
> **(a) General rule.**—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
>
> \*    \*    \*
>
> (3) Statement of both the scope and standard of review.
>
> \*    \*    \*
>
> (8) Argument for appellant.
>
> \*    \*    \*

Pa.R.A.P. 2111(a)(3) and (8).

With respect to the argument section of an appellant's brief, Rule 2119(a) provides:

> **Rule 2119. Argument**
>
> **(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly:

> The argument portion of an appellate brief must include a

> pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013). Where an appellant fails to raise or properly develop issues on appeal, or where the brief is wholly inadequate to present specific issues for review, a court can refuse to consider the merits of the claims raised on appeal. *Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to explain cogently or even tenuously assert why trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver

of issue on appeal).

Instantly, Appellant's argument section falls woefully short of the requisite standards. At the outset, Appellant failed to include a separate statement of the scope and standard of review relevant to her claim. *See Pa.R.A.P.* 2111(a)(3). Importantly, Appellant's brief fails to cite to any relevant authority to support her claim. ***See In re Estate of Whitley, supra***. In fact, Appellant concedes in her argument that there is no relevant case law to support her position. Instead, Appellant merely concludes Appellee breached its duty of fair representation when it proceeded to arbitration without Appellant's involvement. The substantial defects in Appellant's brief arguably preclude meaningful review and constitute sufficient grounds for this Court to suppress Appellant's brief and dismiss the appeal. ***See Butler, supra***.

Nevertheless, the relevant standard of review of a claim challenging a trial court's decision to sustain preliminary objections is as follows:

> A preliminary objection in the nature of a demurrer is properly [sustained] where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.
>
> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to

> evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the [preliminary objections] will result in the denial of a claim or a dismissal of suit, [the preliminary objections may be sustained] only where the case [is] free and clear of doubt.

*Hill v. Ofalt*, 85 A.3d 540, 547-48 (Pa.Super. 2014) (quoting *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 966 (Pa.Super. 2009), *appeal denied*, 602 Pa. 668, 980 A.2d 609 (2009)).

A labor union has the statutory duty to represent all of the members of the employee bargaining unit fairly. *Steele v. Louisville & Nashville Railroad*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944). A member of the bargaining unit has a right of action against the union for breach of its duty of fair representation. *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842, ____ (1967). A union violates its duty of fair representation if its actions are arbitrary, discriminatory, or in bad faith. *Air Line Pilots Ass'n, International v. O'Neill*, 499 U.S. 65, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the unions actions, the union's behavior is so far outside a wide range of reasonableness." *Id.* at 67, 111 S.Ct. at 1130, 113 L.Ed.2d at ____. Because this rule applies to all union activities, an employee's remedy for his bargaining agent's failure to prosecute a grievance properly is an action against the union for damages

for breach of its duty of fair representation. ***Ziccardi v. Commonwealth***, 500 Pa. 326, 330, 456 A.2d 979, 981 (1982). Significantly, a union's duty of fair representation does not extend to persons who are not employees of the bargaining unit. ***Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass Co.***, 404 U.S. 157, 181 n.20, 92 S.Ct. 383, 398 n.20, 30 L.Ed.2d 341, ___ (1971).

Here, the trial court addressed Appellant's claim as follows:

> In the instant case, [Appellant] asserts a cause of action against [Appellee] for breach of its duty of fair representation, but [Appellant] is neither a member of [Appellee] nor an employee of the bargaining unit. Additionally, [Appellant] offers no authority which holds that she, as a widow of a union member, assumes [Mr. Bergin's] right to maintain such an action against [Appellee] on her own behalf. [Case law] recognize[s] a union's fiduciary bargaining agreement only to members and employees of the collective bargaining unit, not to non-members or non-employees such as [Appellant].
>
> [Appellant] also argues that she should be entitled to the protection of [Appellee's] duty of fair representation by virtue of her being a third-party beneficiary to the collective bargaining agreement. [Appellant's] contentions in this regard are confusing and convoluted as she states that her claims are not derivative from that of her late husband, nor is she alleging a claim on her own behalf under the collective bargaining agreement. In view of these representations by [Appellant], it is difficult to fathom upon what basis she can be considered a third-party beneficiary of the collective bargaining agreement and [Appellant] failed to offer any legal authority to support her position in this regard under the facts, circumstances, and pleadings in this case.
>
> Accordingly, for the foregoing reasons, the [c]ourt concluded that, accepting as true all well-pleaded material facts set forth in [Appellant's] [c]omplaint and all

inferences fairly deducible from those facts, the law says with certainty that no recovery is possible by [Appellant] in this matter. Therefore, we sustained [Appellee's] [p]reliminary [o]bjections to [Appellant's] [c]omplaint and dismissed the [c]omplaint with prejudice, and it is submitted that our decision in this regard is supported fully by the record and the applicable legal authority.

(*See* Trial Court Opinion, filed February 15, 2017, at 4-5). We accept the court's sound reasoning and conclude the court properly sustained Appellee's preliminary objections to dismiss Appellant's complaint with prejudice. Therefore, Appellant's sole issue on appeal fails. *See Hill, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2017