526 A.2d 832

Loretta E. Segilia, Appellant *v.* Riverside School Service Personnel Association and Riverside School District, Appellees.

Argued November 19, 1986, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*John J. Brazil, Jr.,* for appellant.

*Andrew Sislo,* with him, *John J. Donahue* and *A. Martin Herring, Herring & Donahue,* for appellees.

OPINION BY JUDGE BARRY, May 27, 1987:

Loretta Segilia (appellant) filed an action against the Riverside School Service Personnel Association (union) alleging that it failed to properly represent her during negotiations with her employer, the Riverside School District. The Court of Common Pleas of Lackawanna County sustained the union's preliminary objections questioning the court's jurisdiction and dismissed the complaint. This appeal followed.

When considering preliminary objections in the nature of a demurrer, we must accept as true all of the well-pleaded facts in the appellant's complaint. *Association of Pennsylvania State College & University Faculties v. Commonwealth,* 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979). Appellant avers in her complaint that she has been employed by the Riverside School District in the position of lunch monitor since 1968; she is a member of the bargaining unit; during two contract periods, covering a total of six years, the union never sought a wage increase on her behalf; all other em-

ployees obtained wage increases during this time period. Based on these facts, appellant sought damages for the Union's failure to fairly represent her interests in the collective·bargaining process. The trial court held that it had no jurisdiction over this matter because appellant's complaint raised issues which are within the exclusive jurisdiction of the Pennsylvania Labor Relations Board. We agree.

In *Robinson v. Abington Education Association,* 32 Pa. Commonwealth Ct. 563, 379 A.2d 1371 (1977), *aff'd per curiam,* 492 Pa. 218, 423 A.2d 1014 (1980) (equally divided court), union members filed a suit in equity charging the union with failure to fairly represent them in contract negotiations which resulted in the elimination of a certain employment benefit. We held that the union members' charges involved unfair labor practices under Section 1201(b)(3) of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1201(b)(3), which fall within the exclusive jurisdiction of the Pennsylvania Labor Relations Board.

Appellant essentially maintains that *Robinson* is no longer applicable in view of the Supreme Court's decision in *Ziccardi v. Commonwealth,* 500 Pa. 326, 456 A.2d 979 (1982). In *Ziccardi,* however, the question was whether the union's refusal to submit a grievance to arbitration falls within any of the unfair labor practices listed under Section 1201(b) of PERA.[1] The Supreme

---

[1] Section 1201(b) provides:

Employe organizations, their agents, or representatives or public employes are prohibited from:

(1) Restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.

(2) Restraining or coercing a public employer in the selection of his representative for the purposes of collective bargaining or adjustment of grievances.

Court held that it did not fall within any of these provisions and that a public employee's only remedy in such a situation is an action against the union for breach of its duty of fair representation. The case at hand is distinguishable from *Ziccardi* in that it does not involve a union's refusal to submit a grievance to arbitration but rather the union's alleged failure to fairly represent a member during labor negotiations. As the trial court correctly noted, this falls within Section 1201(b)(3) of PERA which prohibits employee organizations from "[r]efusing to bargain collectively in good faith with a public employer."

---

(3) Refusing to bargain collectively in good faith with a public employer, if they have been designated in accordance with the provisions of this act as the exlusive representative of employes in an appropriate unit.

(4) Violating any of the rules and regulations established by the board regulating the conduct of representation elections.

(5) Refusing to reduce a collective bargaining agreement to writing and sign such agreement.

(6) Calling, instituting, maintaining or conducting a strike or boycott against any public employer or picketing any place of business of a public employer on account of any jurisdictional controversy.

(7) Engaging in, or inducing or encouraging any individual employed by any person to engage in a strike or refusal to handle goods or perform services; or threatening, coercing or restraining any person where an object thereof is to (i) force or require any public employer to cease dealing or doing business with any other person or (ii) force or require a public employer to recognize for representation purposes an employe organization not certified by the board.

(8) Refusing to comply with the provisions of an arbitration award deemed binding under section 903 of Article IX.

(9) Refusing to comply with the requirements of 'meet and discuss.'

Based on the foregoing, we conclude that appellant's allegations against the union constitute unfair labor practices within the exclusive jurisdiction of the Pennsylvania Labor Relations Board.

Affirmed.

ORDER

Now, May 27, 1987, the order of the Court of Common Pleas of Lackawanna County at No. 4811 CIV 1985, dated March 26, 1986 is affirmed.