928 A.2d 1154 (2007)
Carmelita CASE, Jamie Popso, Linda Schiavo, Geraldine Gordon, Lee Ann Perry, Sharon Turse, Lynn Cavello, Noreen Gunshore, Louise Lyate and Joan Chincola
v.
HAZELTON AREA EDUCATIONAL SUPPORT PERSONNEL ASSOCIATION (PSEA/NEA) and Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board Appeal of Relations Board
Appeal of Pennsylvania Labor Relations Board.
Commonwealth Court of Pennsylvania.
Argued April 11, 2007.
Decided July 9, 2007.
*1155 Samuel B. Ickes, Harrisburg, for appellant.
John G. Audi, Wilkes-Barre, for appellees.
BEFORE: LEADBETTER, President Judge, COLINS, Judge, McGINLEY, Judge, SMITH-RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge and SIMPSON, Judge.
OPINION BY Judge McGINLEY.
The Pennsylvania Labor Relations Board (PLRB) appeals the order of the Court of Common Pleas of Luzerne County (common pleas court) which reversed the order of the PLRB and determined that the claims or charges of Carmelita Case, Jamie Popso, Linda Schiavo, Geraldine Gordon, Lee Ann Perry, Sharon Turse, Lynn Cavello, Noreen Gunshore, Louise Lyate and Joan Chincola (Employees) were properly pursued under the jurisdiction of the PLRB. The common pleas court remanded to the PLRB for further proceedings.
The Employees were employees of the Hazleton Area School District (District) and members of the Hazleton Area Educational Support Personnel Association (Association) and the Pennsylvania State Education Association (PSEA). On or about July 1, 1998, the Association and the PSEA entered into a collective bargaining agreement (CBA) with the District. The CBA ran from July 1, 1998, to June 30, 2003. The District submitted an offer to the Association and the PSEA in October of 2004. This proposed contract would run from July 1, 2003, through June 30, 2007. The Employees believed that this proposed contract was fair. After the Association and the PSEA advised the membership that the offer was rejected and the Association and the PSEA prepared a counteroffer. The membership of the Association approved the counteroffer. However, these Employees believed that the counteroffer provided longer term membership employees with smaller salary increases over the length of the contract than the initial offer.
The Employees commenced an action in the common pleas court and requested that the counteroffer and approval of the counteroffer be declared unlawful, null, and void. The Employees also sought declaratory relief that the counteroffer and/or the acceptance by the District be declared null, void, and of no legal effect. The Employees sought compensatory and punitive damages against the Association and the PSEA. The Employees also named the District as a defendant and sought an order that the District not recognize or accept the counteroffer and a declaratory judgment that any purported agreement or contract resulting from the District's acceptance of the counteroffer be declared illegal, null, void, and of no legal effect whatsoever. The Association, PSEA, and District preliminarily objected. The common pleas court sustained the preliminary objections regarding subject matter jurisdiction. Segilia v. Riverside School Service Personnel Association, 106 Pa. Cmwlth. 336, 526 A.2d 832 (1987). The common pleas court determined that the complained of conduct was within the exclusive jurisdiction of the PLRB.
On June 24, 2005, the Employees filed an unfair labor practices claim with the PLRB against both the District and the Association. The PLRB bifurcated the charges into two separate cases: one against the District and one against the Association. The charges involving the *1156 Association are before the Court.[1] Before the PLRB, the Employees alleged that the Union violated Sections 1201(b)(1), 1201(b)(3), 1201(b)(4) and 1201(b)(9) of the Public Employe Relations Act (PERA).[2]
By letter dated July 14, 2005, the Secretary of the PLRB informed the Employees that no complaint would issue:
In your charge, you allege that Hazelton Area Educational Support Personnel Association, PSEA (Union) [Association] violated Section 1201(b)(1), (3), (4) and (9) of the Public Employe Relations Act (PERA), by failing to provide lawful notice to the named complainants of a counteroffer the Union [Association] proposed to the Hazelton Area School District (District). You further allege that the Union [Association] discriminated against the named complainants based on their length of service with the District.
To support your allegation that the Union [Association] failed to bargain in good faith with the District, you allege that the Union [Association] violated its duty of fair representation with the named complainants by breaching the Union's [Association's] internal constitution and by-laws. Because the allegations claim a breach of the Union's [Association's] duty of fair representation, jurisdiction lies with the Court of Common Pleas and not with the Board. Narcotics Agents Regional Committee, FOP Lodge 74 v. AFSCME, AFL-CIO, 780 A.2d 863 (Pa.Cmwlth.2001); Ziccardi v. Commonwealth, 500 Pa. 326, 456 A.2d 979 (1982). Additionally, you allege that the Union [Association] discriminated against the complainants because of their length of service with the District and not for their participation in activities protected by PERA. Furthermore, individual bargaining unit employes lack standing to file claims of violations of the good faith bargaining obligation (1201(b)(3)) or the duty to meet and discuss (1201(b)(9)) owed to the public employer. PLRB v. AFSCME, 9 PPER ¶ 9085 (Final Order, 1978); Maggs v. PLRB, 50 Pa.Cmwlth. 549, 413 A.2d 453 (1980). Therefore, the allegations do not rise to the level of unfair practices and no complaint will be issued.
Letter from Patricia Crawford, Secretary, Pennsylvania Labor Relations Board, July 14, 2005, at 1; Reproduced Record (R.R.) at 29a.
The Employees filed exceptions with the PLRB and alleged that the Secretary's decision was invalid and unlawful and that the charges against the District and the Association should not have been bifurcated. *1157 The Employees also asserted that they set forth their charges with specificity in both the unfair labor practices claim and in the complaint filed with the common pleas court, which was attached to the unfair labor practices claim.
On September 20, 2005, the PLRB dismissed the exceptions and adopted the Secretary's decision as absolute and final:
The Common Pleas decision and order cited by the Complainants holds that the Board possesses subject matter jurisdiction over their charges pursuant to Segilia v. Riverside School Service Personnel Association, 106 Pa.Cmwlth. 336, 526 A.2d 832 (1987). Further, the Court stated that Ziccardi v. Commonwealth, 500 Pa. 326, 456 A.2d 979 (1982), the case cited by the Secretary in her dismissal letter, is not controlling.
The issue of appropriate jurisdiction for duty of fair representation claims has been extensively litigated. . . . [T]he Supreme Court issued Ziccardi, supra, which holds that civil courts, and not the Board, possess exclusive jurisdiction to entertain claims of breaches of the duty of fair representation.
. . . .
In 1987, the Commonwealth Court issued its decision in Segilia v. Riverside School Service Personnel Association, supra, holding that a union's failure to represent a member during labor negotiations constitutes an unfair practice within the exclusive jurisdiction of the Board, similarly broadening the Board's jurisdiction in duty of fair representation cases. However, in James Ca[s]ner v. AFSCME, 658 A.2d 865 (Pa.Cmwlth. 1995), in dealing with the time limitations for filing an unfair representation claim with respect to a union's failure to file a grievance on behalf of a member, the Court stated generally that `the violation of the duty of fair representation is a civil claim that does not arise under PERA.' Casner, however, did not expressly overrule Segilia, creating an inconsistency over which adjudicative body maintained exclusive jurisdiction of duty of fair representation cases. If Casner controled [sic], then Segilia was no longer operative, and the Board would have no jurisdiction to hear any duty of fair representation claims. If Segilia remained good law, then the Board possessed limited jurisdiction over these cases.
Recently, the Commonwealth Court issued Narcotics Agents Regional Committee Fraternal Order of Police Lodge No. 74 v. AFSCME, AFL-CIO, Council 13, 780 A.2d 863 (Pa.Cmwlth.2001) further addressing this inconsistency.
. . . .
[U]nder Narcotics Agents, the Board lacks jurisdiction to entertain duty of fair representation claims, even where the union's motive in denial of fair representation was not a dispute over the membership contract between the employe and union, but rather an intent to retaliate against employes for supporting a rival union. If the Board lacks jurisdiction to protect employes from unfair representation in retaliation for their participation in protected activities, a function fundamental to the mission, responsibilities and duties of the Board, then, a fortiori, the Board lacks jurisdiction to protect employes from Ziccardi like claims that derive from disputes grounded solely on the employe's union membership contract. Here, the Complainants merely allege that the Union [Association], whose status as exclusive bargaining representative is unchallenged, has acted to favor less senior employes. Complainants disregard that employment seniority is a significant term and condition of employment and a *1158 legitimate subject for negotiation between the District and the Union [Association]. Accordingly, the Board lacks jurisdiction to entertain the Complainants' charge against the Union [Association].
Final Order, Pennsylvania Labor Relations Board, September 20, 2005, at 2-4; R.R. at 38a-40a.
The Employees appealed to the common pleas court which reversed and remanded to the PLRB. The common pleas court stated that the charges were within the jurisdiction of the PLRB and remanded for further proceedings. Order of the Court of Common Pleas of Luzerne County, April 26, 2006, at 1; R.R. at 61a. The PLRB appealed to this Court.
The PLRB contends that the common pleas court erred when it determined that the PLRB had jurisdiction over the Employees' claim that alleged a breach of the duty of fair representation against the Association.[3] The PLRB argues that a breach of the duty of fair representation claim is a civil action against the Association for damages that should be brought in the common pleas court, not as an administrative claim for unfair practices.
It is well established that a union acts as a trustee for the rights of its members and employees in the bargaining unit. Falsetti v. Local Union No.2026, United Mine Workers of America, 400 Pa. 145, 161 A.2d 882 (1960). In return, the members and employees are beneficiaries of a fiduciary obligation owed to them by the union. Id. A union breaches the duty of fair representation when it acts in bad faith toward its members, and violates the fiduciary trust created from the principal-agent relationship. Id.
The issue of jurisdiction where there has been an alleged breach of the duty of fair representation has been extensively litigated. In 1977, this Court addressed the jurisdictional issue in Robinson v. Abington Education Association and Mike Mecklowitz, et al., 32 Pa.Cmwlth. 563, 379 A.2d 1371 (1977), aff'd., 492 Pa. 218, 423 A.2d 1014 (1980).
In Robinson, the union had appealed from an order of the Court of Common Pleas of Montgomery County (common pleas court) that granted equitable relief to the union member employees due to the union's failure to negotiate in good faith on their behalf. Before this Court, the union argued that the common pleas court was without jurisdiction to award equitable relief because the alleged conduct constituted an unfair labor practice which was within the exclusive jurisdiction of the PLRB. This Court agreed and stated:
[T]he Association [union] in bargaining with the School District was obliged to represent the interests of all its members in good faith and without discrimination to any. The failure of the Association to perform this duty as to any of its members would constitute bad faith bargaining, made an unfair labor practice by Section 1201(b)(3) [of PERA, 43 P.S. 1101.1201(b)(3)].
In 1982, the Pennsylvania Supreme Court seemingly overruled, though not expressly, the principles espoused in Robinson in Ziccardi v. Commonwealth, Dept. of *1159 General Services, 500 Pa. 326, 456 A.2d 979 (1982). In Ziccardi, employee Linda Ziccardi (Ziccardi) had received notice that her employment with the Commonwealth was terminated. Pursuant to the collective bargaining agreement, Ziccardi filed a grievance that alleged wrongful discharge and was represented by the union (AFSCME) throughout the grievance process up to arbitration. Without notice to Ziccardi, AFSCME withdrew her request for arbitration and closed her file.
Ziccardi filed an action in this Court against her employer and alleged that she was wrongfully discharged in violation of the collective bargaining agreement; and against AFSCME that alleged a breach of the duty of fair representation in the grievance process. This Court concluded that Ziccardi's allegation of breach of the duty of fair representation was an unfair labor practice under Section 1201(b)(3) of PERA, 43 P.S. 1101.1201(b)(3), and was, therefore, within the exclusive jurisdiction of the PLRB. Ziccardi v. Commonwealth of Pennsylvania, Department of General Services, 50 Pa.Cmwlth. 367, 413 A.2d 9 (1980). This Court sustained the preliminary objections to Ziccardi's complaint in trespass, assumpsit and equity against her former employer and AFSCME. Id. Ziccardi appealed to our Supreme Court and our Supreme Court reversed.
Our Supreme Court concluded that "[t]he Commonwealth Court's conclusion that an employee file an unfair labor practice against its bargaining agent is erroneous. The union's [AFSCME] refusal to submit a grievance to arbitration does not fall under any of the categories of unfair labor practices enumerated in . . . PERA." Ziccardi, 500 Pa. at 329, 456 A.2d at 980. The Supreme Court went on to state that "a public employee's remedy for his bargaining agent's refusal to submit a grievance to arbitration is an action against the union for damages for breach of its duty of fair representation." 500 Pa. at 330, 456 A.2d at 981 (emphasis added).
Thereafter in 1987, this Court, in a panel decision, Segilia v. Riverside School Service Personnel Association and Riverside School District, 106 Pa.Cmwlth. 336, 526 A.2d 832 (1987), seemingly expanded the PLRB's jurisdiction over controversies that involve the duty of fair representation. In Segilia, Loretta E. Segilia (Segilia), a school cafeteria employee, had filed an action in the Court of Common Pleas of Lackawanna County against her employer and union and alleged that the union failed to properly represent her because it failed to negotiate a wage increase throughout the course of two contracts, while other members of the bargaining unit had received wage increases.
The common pleas court dismissed Segilia's complaint for lack of jurisdiction. Id. at 832. The common pleas court determined that Segilia's charges against the union constituted an unfair labor practice and was within the exclusive jurisdiction of the PLRB. Id. On appeal, this Court affirmed the common pleas court. This Court distinguished Ziccardi and stated:
The case at hand is distinguishable from Ziccardi in that it does not involve a union's refusal to submit a grievance to arbitration but rather the union's alleged failure to fairly represent a member during labor negotiations. As the trial court correctly noted, this falls within Section 1201(b)(3) of PERA, [43 P.S. § 1101.1201(b)(3)], which prohibits employee organizations from `[r]efusing to bargain collectively in good faith with a public employer.'
Id. at 833.
Thereafter, in 1995, this Court decided James Casner, Mary Perkins, James Schopp, et al. v. American Federation of State, County and Municipal Employees, *1160 658 A.2d 865 (Pa.Cmwlth.1995). In Casner, correction officer employees had brought an action against their union in the Court of Common Pleas of Huntingdon County. Employees sought monetary damages and equitable relief based on the assertion that the union breached its duty of fair representation as their collective bargaining agent. The union filed a motion for judgment on the pleadings in response. Upon stipulation of the parties the case was transferred to this Court in our original jurisdiction.
One of the issues in Casner involved which statute of limitations governed the employees' claims against their union for breach of the duty of fair representation. The union argued that the appropriate statute of limitations period was set forth in Section 1505 of PERA, 43 P.S. § 1101.1505, because the claim was akin to an unfair labor practice claim. This Court disagreed and held that:
Because the violation of the duty of fair representation is a civil claim that does not arise under PERA the statute of limitations period of that act does not apply. . . . Petitioners' [employees] cause of action arises as a tort claim in equity against AFSCME (union) for the alleged failure to represent Petitioners [employees]. . . . We conclude that the present controversy is not an action arising under PERA. . . .
Casner, 658 A.2d at 869-870 (citations omitted).
Finally, in 2001, this Court decided Narcotics Agents Regional Committee, Fraternal Order of Police Lodge No. 74 v. American Federation of State, County and Municipal Employees, 780 A.2d 863 (Pa.Cmwlth.2001), which again dealt with the union's alleged breach of the duty of fair representation. In Narcotics Agents, the employee investigators had been represented exclusively by the AFSCME, but later elected a new union, the Fraternal Order of Police (FOP), to represent them in collective bargaining negotiations. In an action filed directly with this Court, the FOP claimed that AFSCME engaged in discriminatory retaliation and breached its duty of fair representation to employees who supported the FOP by failing to process grievances. AFSCME answered the FOP's petition and filed a new matter that alleged this Court lacked jurisdiction over the FOP's claim because such an allegation constituted an unfair labor practice charge under Section 1201(b)(1) of PERA, 43 P.S. § 1101.1201(b)(1), and therefore, the PLRB had exclusive jurisdiction over the controversy.
This Court disagreed and held:
The starting point in considering whether the PLRB has original jurisdiction of a dispute between public employees and their collective bargaining representative is to ascertain whether the remedy sought is redress of an unfair labor practice. If it is, then the PLRB is vested with exclusive original jurisdiction by section 1301 of the Act 195 [PERA], [43 P.S. § 1101.1301]. However, this rule does not divest a court of jurisdiction to entertain suits for breach of contract merely because the alleged breach may be an unfair labor practice.
Here, the Petition arguably alleges that AFSCME's failure to process grievances properly was an attempt to restrain Employees from organizing, forming or joining the FOP. However, in Ziccardi . . ., our supreme court stated that a union's bad faith refusal to submit a grievance to arbitration does not fall under any of the categories of unfair labor practices enumerated in section 1201(b) of Act 195 [PERA], [43 P.S. § 1101.1201(b)]. The court explained that a public employee's remedy for a union's refusal to submit a grievance to *1161 arbitration is an action against the union for breach of its duty of fair representation.
Because the Petition sets forth allegations which, if true, would constitute a breach of AFSCME's duty of fair representation, jurisdiction lies with this court, not the PLRB.
Narcotics Agents, 780 A.2d at 867 (citations omitted).
Here, Employees alleged that the Association breached its duty of fair representation to the senior employees when it negotiated and agreed to contractual provisions that were more favorable to less senior employees. The common pleas court did not follow the line of cases which indicate that jurisdiction of an alleged breach of the duty of fair representation is with the courts and not the PLRB, and instead followed the precedent of Segilia. This Court recognizes the dilemma that confronted the common pleas court and the inconsistency Segilia created with the case law established in Ziccardi, Casner and Narcotics Agents.
Segilia split jurisdiction of breach of duty of fair representation claims between the PLRB and the court of common pleas based on the subject matter of the claim, i.e. failure to negotiate fairly on behalf of union members (jurisdiction with PLRB) versus a refusal to process members' grievances (jurisdiction with the courts). This Court does not believe that it was sound policy to create this split in jurisdiction. Moreover, this Court will not carve out exceptions to jurisdiction based on subject matter distinctions.
Individual claims by employees against the union that allege a breach of the duty of fair representation do not qualify as unfair labor practices in violation of PERA. The PLRB's expertise lies in resolving disputes involving alleged violations of the provisions of PERA, not in remedying an individual injustice to an employee by an employee's representative union. Moreover, the duty to bargain in good faith, as required by Section 1201(b)(3) of PERA, 43 P.S. § 1101.1201(b)(3), is owed by the union to the employer ("refusing to bargain collectively in good faith with a public employer"), not the individual employee members. (Emphasis added).
Consequently, to the extent that our previous decision in Segilia is inconsistent with the rule of law set forth within worthy precedents it is expressly overruled. The PLRB's refusal to issue a complaint on the Employees' breach of the duty of fair representation claim for lack of jurisdiction was proper.
Accordingly, the order of the common pleas court is reversed and the matter is remanded for further proceedings consistent with this opinion.

ORDER
AND NOW, this 9th day of July, 2007, the order of the Court of Common Pleas of Luzerne County is reversed and this matter remanded for further proceedings consistent with this opinion.
Jurisdiction relinquished.
Judge COLINS dissents.
NOTES
[1] The Employees' case against the District was decided by this Court on January 30, 2007. Carmelita Case et al. v. Hazelton Area Educational School District and Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, 915 CD 1262 (Pa.Cmwlth. 2007).
[2] Act of July 23, 1970, P.L. 563, as amended, 43 P.S. § 1101.1201(b). Section 1201 of PERA provides in pertinent part:

(b) Employe organizations, their agents, or representatives, or public employes are prohibited from:
(1) Restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.
. . . .
(3) Refusing to bargain collectively in good faith with a public employer, if they have been designated in accordance with the provisions of this act as the exclusive representative of employes in an appropriate unit.
(4) Violating any of the rules and regulations established by the [B]oard regulating the conduct of representation elections.
. . . .
(9) Refusing to comply with the requirements of `meet and discuss.'
[3] This Court's review of a final order that involves the PLRB's refusal to issue a complaint is limited to a determination of whether the PLRB abused its discretion. Pennsylvania Social Services Local 668 v. Pennsylvania Labor Relations Board, 481 Pa. 81, 392 A.2d 256 (1978). This Court notes that it applied an incorrect standard of review in the case against the District, Carmelita Case, et al., 915 CD 1262. The appropriate standard was whether the Board abused its' discretion when it refused to issue a complaint. Applying this standard of review does not affect the result previously reached by this Court.