J-A03028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DENNIS BEST, GREGORY S. MILLER, JOSEPH BRUNO, ROBERT LANSHCAK, ERIC A. GARRETT, RICHARD SCHENKER, ROBERT M. YEAGER, BRUCE ROSA, ANTHONY TEDESCO, RENEE MILLER, HEIDI A. KIZAK, MARY LOU WILSON, PATRICIA NAPOLITAN, CORY BECK, RICHARD ARTHUR, RYAN LECHNER, DAVID J. DEVENNEY, CHAD ROWE, BENJAMIN SHARPER, LUANN IACINO, AND ANTHONY VENDILLI | : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : : | |
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION A/K/A UNITED STEEL WORKERS OF AMERICA AND THE COUNTY OF MERCER | : : : : : : : : : : | No. 1111 WDA 2018 |

Appeal from the Order Entered July 9, 2018
In the Court of Common Pleas of Mercer County Civil Division at No(s):
2017-1411

BEFORE:  BOWES, J., SHOGAN, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 23, 2019**

Appellants, Dennis Best, *et al.*, appeal from the order sustaining the

preliminary objections filed by Appellees, United Steel, Paper and Forestry,

Rubber, Manufacturing, Energy, Allied Industrial and Service Workers

_____
* Retired Senior Judge assigned to the Superior Court.

International Union a/k/a United Steel Workers of America ("USW") and the County of Mercer ("Mercer County"). Because the appeal is within the jurisdiction of our sister appellate court, we order that the appeal be transferred to the Commonwealth Court.

The trial court set forth the history of this case as follows:

> [Appellants] are all present and past employees of the Mercer County Sheriff's Department. In 1996, the employees of the Mercer County Sheriff's Department sought to form a public employee union which was to be represented by USW, having the name of USW Local Union No. 1355. While employed by the Mercer County Sheriff's Department, each of the [Appellants] executed a USW Check-Off Authorization which authorized Mercer County to deduct union dues from their pay each month while each [Appellant] was "in employment with the collective bargaining unit in the employer." The individual check-off authorizations were executed by each [Appellant] at the time of their initial employment with the Mercer County Sheriff's Department, were identical in their form, and authorized Mercer County to remit the deducted dues to the USW.
>
> This labor union was never certified by the Pennsylvania Labor Relations Board ("PLRB"), however, as a collective bargaining unit. The Pennsylvania Public Employee Relations Act[1] [("PERA")] requires certification of any collective bargaining unit by the PLRB before it becomes official. Both [Appellees] were informed by the PLRB that their attempt to certify the employees of the Mercer County Sheriff's Department as a collective bargaining unit had been denied. However, even with that knowledge, [Appellees] negotiated and entered into numerous collective bargaining agreements between 1996 and 2016. Also during that time, [Appellee] Mercer County deducted union dues from the pay of [Appellants], and remitted the dues to [Appellee] USW.
>
> _____
> [1] Act of July 23, 1970, P.L. 563, No. 195, art. I, § 101 et seq; 43 P.S. 1101.101 et seq. (Supp. 1974-75)

- 2 -

Trial Court Opinion, 7/9/18, at unnumbered 2–3.

Appellants initiated this matter with the filing of a praecipe for writ of summons on May 9, 2017. Appellants filed their complaint on February 23, 2018. On March 15, 2018, both Appellees filed preliminary objections, which alleged that the trial court lacked subject matter jurisdiction to hear the case, because the matter should have been before the PLRB pursuant to the PERA. USW's Brief in Support of Preliminary Objections to Plaintiffs' Complaint, at 3; Mercer County's Preliminary Objections to Plaintiffs' Complaint and Brief, at 13. Appellants filed a brief in opposition to the preliminary objections on May 1, 2018. On July 9, 2018, the trial court sustained Appellees' preliminary objections. Appellants filed a timely notice of appeal on August 7, 2018. The trial court did not order Appellants to file a statement pursuant to Pa.R.A.P. 1925.

Appellants present the following questions for our review:

I.   Whether the trial court erred in holding that it lacked subject matter jurisdiction to entertain the individual breach of contract claims asserted by the appellants against the county in light of the facts and holding in the case of Hollinger v. Dept. of Public Welfare, 365 A.2d 1245 (Pa. 1976)?

II.  Whether the trial court erred in holding that it lacked subject matter jurisdiction to entertain the individual breach of duty of fair representation claims asserted by appellants against the USW in light of the facts and holding in the case of Case v. Hazleton Area Educational Personnel Ass'n, 928 A.2d 1154 (Pa. Cmnwlth. Ct. 2007)?

Appellants' Brief at 3.

J-A03028-19

Before we consider the issues raised by Appellants in their brief, we must determine whether we have jurisdiction over this matter or whether to transfer the case to Commonwealth Court.[1] Specifically, it appears that jurisdiction lies with the Commonwealth Court pursuant to 42 Pa.C.S. § 762. That statute provides, in pertinent part, as follows:

**§ 762. Appeals from courts of common pleas**

**(a) General rule.--**Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

* * *

4) Local government civil and criminal matters.

(i) **All actions or proceedings** arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or **where is drawn in question the**

_____

[1] Pennsylvania Rule of Appellate Procedure 751 addresses the transfer of erroneously filed cases and states as follows:

**(a) General rule.** If an appeal or other matter **is taken to or brought in a court** or magisterial district **which does not have jurisdiction of the appeal** or other matter, **the court** or magisterial district judge **shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth**, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

Pa.R.A.P. 751(a) (emphases added).

- 4 -

> **application, interpretation or enforcement of any**:
>
>> (A) **statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity**[.]

42 Pa.C.S. § 762(a)(4)(i)(A) (emphases added).

We are mindful this Court has explained that where neither party has objected to our jurisdiction of an appeal, we may exercise jurisdiction pursuant to 42 Pa.C.S. § 704(a)[2] and Pa.R.A.P. 741(a).[3]  However, we also "retain the

---

[2] Section 704 of the Judicial Code provides, in relevant part, as follows:

**§ 704. Waiver of objections to jurisdiction.**

**(a) General rule. —** The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to section 503 (relating to reassignment of matters), vesting jurisdiction of such appeal in another appellate court.

42 Pa.C.S. § 704(a).

[3] Rule 741 is based on 42 Pa.C.S. § 704, and states, in part, as follows:

**Rule 741.  Waiver of Objections to Jurisdiction.**

power and, indeed, the responsibility to determine whether retention of jurisdiction in this case is appropriate or, alternatively, whether the matter should be transferred to the Commonwealth Court." *Wilson v. School District of Philadelphia*, 600 A.2d 210, 211 (Pa. Super. 1991) (citations omitted). Furthermore, once we have:

> concluded that this matter is within the Commonwealth Court's jurisdiction, it is within our discretion to determine whether transfer to that court is appropriate. In making this determination, we conduct a case-by-case analysis. We may retain jurisdiction if such action would serve the interests of judicial economy, but should transfer the matter if to do so would serve other interests, such as avoiding the establishment of possibly conflicting lines of authority.

*Id*. at 213 (citations omitted). As we have long stated, "we should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court." *Lara, Inc., v. Dorney Park Coaster Co., Inc.*, 534 A.2d 1062, 1066 (Pa. Super. 1987).

It is undisputed that the instant case is a civil matter that involves a political subdivision, *i.e.* Mercer County, and encompasses a dispute with employees of the Mercer County Sheriff's Department. Moreover, the

---

> **(a) General rule.** The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

Pa.R.A.P. 741(a).

overarching issue presented in Appellants' complaint involves an alleged violation of the PERA relative to the withholding of union dues from Appellants' monthly pay. The PERA's public policy declaration states that the purpose of the act is to promote orderly and constructive relationships between all public employers and their employees. 43 P.S. § 1101.101. Consequently, the PERA governs the collective bargaining process between all public employers and public employees. Indeed, the PERA, passed in 1970, gave rank-and-file public employees the right to be represented by unions, to negotiate contracts, and to strike in the event of an impasse. ***Curley v. Board of School Directors***, 641 A.2d 719, 724-725 (Pa. Cmwlth. 1994).

Here, our review reflects that jurisdiction is properly vested in the Commonwealth Court pursuant to 42 Pa.C.S. § 762(a)(2)(ii) because the matter draws into question the applicability, interpretation, or enforcement of the PERA. Our further analysis indicates the preferable course in this matter is to transfer the appeal to the Commonwealth Court. Indeed, the Commonwealth Court's expertise in this area is apparent because the relevant case law cited by Appellants reveals the Commonwealth Court has historically entertained appeals in similar matters. Accordingly, we transfer this appeal.

Appeal transferred to Commonwealth Court.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2019