617 A.2d 93

COMMONWEALTH of Pennsylvania HIGHER EDUCATION ASSISTANCE AGENCY, Petitioner,

v.

STATE EMPLOYES' RETIREMENT BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1992.

Decided Nov. 16, 1992.

Marilyn Heffley and Beth Silver, for petitioner.

Jeffrey B. Clay, for respondent.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Before this court are the preliminary objections of State Employes' Retirement Board (SERB) to the petition for review of Pennsylvania Higher Education Assistance Agency (PHEAA) filed in this court's original jurisdiction. The petition for review is in the nature of a declaratory judgment.

The facts alleged in the petition for review are as follows. PHEAA is a public corporation and an agency of the Commonwealth of Pennsylvania. As such, it is mandatory that all employees of PHEAA be members of the State Employes' Retirement System (SERS).

In 1987, PHEAA adopted a performance based payment program for its key executive and marketing employees entitled "Executive/Management Incentive Program" (EMIP). Since the adoption of the EMIP in 1987, SERS treated EMIP payments as compensation for retirement purposes.

However, by letter dated February 26, 1992, SERS notified 39 present and former PHEAA employees who received EMIP payments that it was disallowing EMIP payments as compensation for retirement purposes (the SERS action), retroactive to 1987, based upon its determination that EMIP payments constitute excluded bonuses or cash awards under 4 Pa.Code § 241.1.[1] As a result of the SERS action, the 39 present and former PHEAA employees filed separate administrative appeals with SERB on or about March 27, 1992.

PHEAA avers that as a result of the SERS action, it has been unable to use EMIP as a means of attracting and retaining qualified personnel. PHEAA also avers that, as a result of the SERS action, former PHEAA employees are suffering "undue hardship" because their monthly annuity has been lowered. PHEAA's Petition for Review at 6–7. PHEAA asks this court to declare that EMIP payments made to certain PHEAA employees are compensation for purposes of the State Employes' Retirement Code and must be so treated by SERB.

SERB's preliminary objections seek dismissal of PHEAA's petition for review on the following grounds: 1) that PHEAA lacks standing as an aggrieved party, 2) that PHEAA failed to exhaust administrative remedies before SERB, and 3) that PHEAA did not plead with sufficient specificity the nature of

1. Section 241.1 defines compensation as follows:
 Compensation—Limited to salary or wages received for services performed as an employe, but excluding monies received for bonuses, cash awards, or similar emoluments.

the EMIP or attach to its petition for review a copy of its EMIP. We recognize that preliminary objections admit as true all facts which are well pleaded as well as all inferences which are reasonably deducible therefrom. *Pennsylvania Academy of Chiropractic Physicians v. Department of State, Bureau of Professional & Occupational Affairs,* 129 Pa.Commonwealth Ct. 12, 564 A.2d 551 (1989). If there should exist any doubt as to whether the averments in the complaint would permit recovery if they are ultimately proved, preliminary objections should not be sustained. *Id.*

■■■ We first consider whether PHEAA has standing to bring this lawsuit. To have standing, a party must be aggrieved and plead facts which establish a direct, immediate and substantial interest. *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975); *South Whitehall Township v. Department of Transportation,* 82 Pa.Commonwealth Ct. 217, 475 A.2d 166 (1984). To qualify the interest as immediate rather than remote, the party must show a sufficiently close causal connection between the challenged action and the asserted injury. *William Penn Parking Garage, Inc.* Thus, as the causal connection becomes more remote, there is less likelihood that a party will have standing to assert its cause of action. *Paratransit Association of Delaware Valley, Inc. v. Yerusalim,* 114 Pa.Commonwealth Ct. 279, 538 A.2d 651 (1988).

■■ SERB argues that PHEAA lacks standing because the SERS action does not directly, substantially or immediately affect PHEAA. SERB argues that the only parties directly and adversely impacted by the SERS action are the 39 present and former PHEAA employees who actually received EMIP payments, and whose administrative appeals are currently pending before SERB. SERB further argues that any claim by PHEAA of an adverse impact to PHEAA as a result of the SERS action is both specious and speculative. Lastly, SERB argues that PHEAA is actually benefitted by the SERS action in that its future employer's contributions to SERS will be reduced, and the excess past contributions to SERS will be returned to PHEAA.

PHEAA's main allegation of interest in the litigation is injury to PHEAA, itself. PHEAA alleges in its petition for review that:

19. While the issue of EMIP performance compensation remains unsettled, PHEAA is handicapped, if not paralyzed, in using EMIP as a means of attracting and retaining the qualified personnel it needs to assure that it will maintain its preeminence and competitive edge in the national marketplace in which it competes and to earn its administrative funds and avoid reliance on state taxpayers for the requested financing.

PHEAA's Petition for Review at 6.

However, PHEAA has failed to allege in its petition for review that, as a result of the SERS action, it has been prevented from continuing to use the EMIP. Indeed, the SERS action did not prohibit PHEAA from continuing to use the EMIP, it merely disallowed EMIP payments received by certain present and former PHEAA employees from being treated as compensation for retirement purposes. Moreover, PHEAA has failed to allege that its ability to attract and retain qualified personnel has been directly threatened since the SERS action. PHEAA asserts only the potentiality of harm; it has failed to assert the likelihood of *immediate* harm as prescribed by *William Penn Parking Garage, Inc. See Central Storage and Transfer Co. of Harrisburg v. Pennsylvania Public Utility Commission,* 82 Pa.Commonwealth Ct. 21, 477 A.2d 568 (1984).

 PHEAA also alleges in its petition for review that many[2] former PHEAA employees who are currently retired are suffering "undue hardship" because they are now receiving monthly annuities lower than anticipated.[3] PHEAA's

2. Although PHEAA characterizes the number of former employees who were affected by the SERS action as "many" in allegations 20 through 22, it characterized that same number as only "at least one" in allegation number 12. PHEAA's Petition for Review at 4, 6–7.

3. We note, as previously mentioned, that those present and former PHEAA employees who actually received EMIP payments and were, therefore, affected by the SERS action have brought individual claims before SERB. However, the record does not distinguish which of the

Petition for Review at 6–7. To the extent that PHEAA is attempting to assert standing as an association representing its members, and assuming that PHEAA's former employees can even be considered its members, it has been held that, as a representative of its members, an association may have standing to challenge an immediate or threatened injury affecting virtually *all* of the members of the association, even in the absence of injury to itself. *Pennsylvania Association of State Mental Hospital Physicians v. Department of Corrections*, 103 Pa.Commonwealth Ct. 422, 520 A.2d 909 (1987) (emphasis added). However, when an association attempts to substitute itself for specific members having individual claims, as here, the association lacks standing. *Id.*

Because PHEAA lacks standing in its own right or as a representative of its former employees, the preliminary objection of SERB regarding lack of standing is sustained.[4]

Accordingly, we dismiss PHEAA's petition for review.

ORDER

AND NOW, November 16, 1992, the preliminary objection of the State Employes' Retirement Board regarding lack of standing is sustained and the petition for review of Pennsylvania Higher Education Assistance Agency is dismissed.

---

39 claims were brought by present employees, and which of the 39 claims were brought by former employees.

**4.** Because we have determined that PHEAA lacks standing, we need not address SERB's remaining preliminary objections.