NARCOTICS AGENTS REGIONAL COMMITTEE, FRATERNAL ORDER OF POLICE LODGE NO. 74, AN UNINCORPORATED ASSOCIATION, by Dennis J. McKEEFERY, Trustee ad Litem, Petitioner,

v.

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, Council 13 and the Commonwealth of Pennsylvania, Office of the Attorney General, Respondents.

Commonwealth Court of Pennsylvania.

Argued June 6, 2001.
Decided July 19, 2001.

Gary M. Lightman, Harrisburg, for petitioner.

Ryan J. Cassidy, Philadelphia, for respondent, Office of the Attorney General.

Alaine S. Williams, Philadelphia, for respondent, AFSCME.

Before FRIEDMAN, Judge,
FLAHERTY and RODGERS, Senior Judges.

FRIEDMAN, Judge.

American Federation of State, County and Municipal Employees, AFL–CIO, Council 13 (AFSCME) has filed preliminary objections to the Petition for Review in the Nature of a Complaint for Breach of Duty of Fair Representation (Petition) filed by Narcotics Agents Regional Committee, Fraternal Order of Police Lodge No. 74, an Unincorporated Association, by Dennis J. McKeefery, Trustee ad Litem, in this court's original jurisdiction.

AFSCME had been the exclusive representative for all full-time and regular part-time non-supervisory, non-professional inspection, investigation and safety services employees (Employees) in the Office of the Attorney General (OAG). (Petition, ¶ 6.) However, in April 1999, the Attorney General Investigators Association (Association) filed a petition for representation with the Pennsylvania Labor Relations Board (PLRB), seeking to represent these Em-

ployees. (Petition, ¶¶ 9–10.) The matter proceeded in accordance with law, and, on January 18, 2000, the PLRB issued a final order of certification in favor of the Association. (Petition, ¶ 15.) On October 2, 2000, the PLRB amended the order to change the name of the Association to the Narcotics Agents Regional Committee, Fraternal Order of Police Lodge No. 74(FOP).[1]

During the certification proceedings, AFSCME negotiated a collective bargaining agreement with the OAG that called for a three-percent pay raise for Employees as of July 1, 1999. Although AFSCME still represented Employees, the OAG, acting at the insistence of AFSCME, refused to implement the pay raise for Employees. Employees received the pay raise only after ratification of a collective bargaining agreement between the FOP and the OAG in May 2000. (Petition, ¶¶ 18–20.) In its Petition here, the FOP seeks interest on the money that Employees should have received from July 1, 1999 to January 18, 2000. (Petition, ¶ 26.)

Also during the certification proceedings, AFSCME, acting in retaliation for Employees' seeking another bargaining representative, failed to properly process Employees' grievances. (Petition, ¶¶ 21–24.) In its Petition, the FOP seeks reimbursement to itself for the costs and expenses of having to arbitrate those grievances. (Petition, ¶ 28.) The FOP also seeks reimbursement to Employees of the union dues and fair share assessments paid to AFSCME during the certification process, plus interest. (Petition, ¶ 29.) Finally, the FOP seeks an appropriate remedy against the OAG for any unjust action taken against Employees as a result of AFSCME's breach of duty. (Petition, ¶ 30.)

The OAG filed an answer to the Petition with new matter. The FOP filed a reply to the new matter. AFSCME filed preliminary objections, which are before us here.[2]

## I. Jurisdiction

AFSCME asserts that this court lacks jurisdiction over the FOP's claim that AFSCME retaliated against Employees by failing to properly process their grievances. AFSCME argues that such an allegation constitutes an unfair labor practice charge under section 1201(b)(1) of the Public Employe Relations Act (Act 195).[3] Therefore, the PLRB has exclusive jurisdiction pursuant to section 1301 of Act 195.[4] (See Preliminary Objections IV, ¶¶ 15–16.) We disagree.

The PLRB has exclusive jurisdiction to prevent any person from engaging in an unfair practice listed in Article XII of Act

---

1. The only job titles included in the group of non-supervisory and non-professional employees were Narcotics Agents I and II. (Petition, ¶¶ 11–12.) The name change appears to reflect that fact.

2. In ruling on preliminary objections, this court must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced from them. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa.Cmwlth. 1995). This court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

3. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.1201(b)(1).

4. 43 P.S. § 1101.1301.

195.[5] Section 1201(b)(1) states that employee representatives are prohibited from restraining employees in the exercise of their rights under Article IV of Act 195.[6] Section 401 states that it shall be lawful for public employees to organize, form or join employee organizations.[7]

Here, the Petition arguably alleges that AFSCME's failure to process grievances properly was an attempt to restrain Employees from organizing, forming or joining the FOP. However, in *Ziccardi v. Commonwealth*, 500 Pa. 326, 456 A.2d 979 (1982), our supreme court stated that a union's bad faith refusal to submit a grievance to arbitration does *not* fall under *any* of the categories of unfair labor practices enumerated in section 1201(b) of Act 195. The court explained that a public employee's remedy for a union's refusal to submit a grievance to arbitration is an action against the union for breach of its duty of fair representation. *Id.* (citing *Falsetti v. Local Union No.2026*, 400 Pa. 145, 161 A.2d 882 (1960)).

Because the Petition sets forth allegations which, if true, would constitute a breach of AFSCME's duty of fair representation, jurisdiction lies with this court, not the PLRB. The preliminary objection is overruled.

## II. Statute of Limitations

■ AFSCME asserts that the claims in the FOP's Petition are barred by the statute of limitations. Under section 1505 of Act 195,[8] the statute of limitations for filing an unfair labor practice charge is four months, and the Petition here was filed more than four months from the acts or omissions giving rise to them. (*See* Preliminary Objections V, ¶¶ 20–21.) However, as stated above, this case does not involve an unfair labor practice charge filed with the PLRB; therefore, section 1505 of Act 195 does not apply. The preliminary objection is overruled.

## III. Exhaustion of Remedies

■ AFSCME asserts that, because none of Employees filed a grievance with respect to the three-percent pay raise, Employees failed to exhaust their contractual remedies. (*See* Preliminary Objections VI, ¶¶ 26–27.)

■ The rule of exhaustion of internal remedies applies where a dispute arises between a union and a member. *Falsetti*. However, a person will not be required to pursue internal remedies that can well be considered illusory. *Id.* Moreover, a person will not be required to pursue internal remedies where the union officials are obviously biased or have prejudged the member's case before hearing it. *Id.*

Here, AFSCME asserts that Employees could have filed a grievance against the OAG when they did not receive their three-percent pay raise. However, the Petition's allegation, which we must accept as true, states that the OAG's failure to give the pay raise to Employees was at the insistence of AFSCME. Moreover, be-

---

**5.** 43 P.S. § 1101.1301. The starting point in considering whether the PLRB has original jurisdiction of a dispute between public employees and their collective bargaining representative is to ascertain whether the remedy sought is redress of an unfair labor practice. *Hollinger v. Department of Public Welfare*, 469 Pa. 358, 365 A.2d 1245 (1976). If it is, then the PLRB is vested with exclusive original jurisdiction by section 1301 of Act 195. *Id.*

However, this rule does not divest a court of jurisdiction to entertain suits for breach of contract merely because the alleged breach may be an unfair labor practice. *Id.*

**6.** 43 P.S. § 1101.1201(b)(1).

**7.** 43 P.S. § 1101.401.

**8.** 43 P.S. § 1101.1505.

cause AFSCME, acting in retaliation for seeking another bargaining representative, was not processing Employees' grievances properly, AFSCME would not have pursued such a grievance. Thus, we can consider the remedy AFSCME proposes here to be illusory. *See Falsetti*. The preliminary objection is overruled.

AFSCME also asserts that, because none of Employees sought reimbursement of their union dues or fair share assessments pursuant to internal union remedies, Employees failed to exhaust other remedies. (*See* Preliminary Objections VII, ¶¶ 31–33.) However, because AFSCME does not identify a particular internal union remedy available to Employees, this court cannot assess its adequacy in this situation. Because there is doubt about the sufficiency of some other remedy, the preliminary objection is overruled.

## IV. Monetary Damages

AFSCME asserts that the FOP fails to allege in its Petition that AFSCME colluded with the OAG to deprive Employees of their rights under the collective bargaining agreement between AFSCME and the OAG. Thus, the Petition fails to state a cause of action for monetary damages.[9] (*See* Preliminary Objections VIII, ¶¶ 37–38.) We disagree.

### A. Grievances

█ Where a court finds that the union currently representing an employee breached its duty of fair representation, the court's remedial power is limited to issuance of an order directing arbitration of the underlying grievance *nunc pro tunc* and, if appropriate, an award of damages.

*Martino v. Transport Workers' Union of Philadelphia, Local 234,* 505 Pa. 391, 480 A.2d 242 (1984). However, the order directing the union to take the underlying grievance to arbitration must provide the employee with a complete and adequate legal remedy. *Id.*

█ Here, with respect to AFSCME's failure to process grievances to arbitration, the Petition does *not* seek an order directing *AFSCME* to pursue those grievances to arbitration. Instead, the Petition seeks reimbursement of union dues, fair share fees and the cost of having the *FOP* represent Employees in arbitration proceedings that should have been handled by AFSCME. We point out that there is no prior case law addressing whether an employee may seek monetary damages in cases where the union breaching the duty of fair representation no longer represents the employee. We conclude that monetary damages are appropriate in the situation here because an order directing *AFSCME* to seek arbitration of the underlying grievances would be contrary to law and would not provide Employees with a complete and adequate legal remedy.[10] Therefore, the preliminary objection is overruled.

### B. Pay Raise

█ An employee may join the employer in an action against the union when it is necessary to afford the employee an adequate remedy. *Runski v. American Federation of State, County and Municipal Employees, Local 2500,* 142 Pa. Cmwlth. 662, 598 A.2d 347 (1991), *aff'd,* 537 Pa. 193, 642 A.2d 466 (1994). The employee may receive monetary damages

---

9. We *note that the FOP has withdrawn its* request for monetary damages with respect to the McKeefery grievance. (*See* Petitioner's brief at 17 n. 2.)

10. Indeed, by law, AFSCME could not represent Employees. *See* section 606 of Act 195, 43 P.S. §§ 1101.606 (stating that a representative selected by public employees shall be the exclusive representative of all the employees in the unit).

against the employer where the employee alleges and shows by specific facts that the employer actively participated in the union's bad faith or conspired with the union to deny the employee rights under the collective bargaining agreement. *Id.*

■ Here, the Petition seeks monetary damages from the OAG with respect to the three-percent pay raise. The Petition alleges that the OAG "refused to implement" the pay raise for Employees "at the insistence of AFSCME." (Petition, ¶ 19.) Thus, the Petition alleges a specific fact showing that the OAG actively participated with AFSCME in the withholding of the pay raise from Employees. The preliminary objection is overruled.

## V. Defects in Petition

■ AFSCME asserts that, contrary to Pa. R.C.P. No. 1018, the FOP failed to name in the caption of the Petition the real parties in interest, i.e., the individual Employees. (*See* Preliminary Objections II, ¶ 8.)

Pa. R.C.P. No. 1018 provides that every pleading shall contain a caption setting forth the names of all the parties. AFSCME contends that the names of the individual OAG employees must be included in the caption in this case because, otherwise, AFSCME is unable to determine which individuals are claiming injury as a result of its alleged breach of the duty of fair representation. (*See* AFSCME's brief at 19 n. 8.) However, it is clear from the Petition that *all* members of the FOP failed to receive a pay raise in July 1999

and that *all* members of the FOP were paying union dues or fair share assessments to AFSCME without fair representation.[11] The preliminary objection is overruled.

■ AFSCME also asserts that, contrary to Pa. R.C.P. No. 1019(h), the FOP failed to attach a copy of the collective bargaining agreement to the Petition. (*See* Preliminary Objections IX, ¶¶ 40–41.)

Pa. R.C.P. No. 1019(i) states that, when any claim is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but, if the writing is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing. Moreover, writings that are in the possession of the opposing party need not be attached to a pleading. *See* 2 Goodrich–Amram 2d § 1019(h):9 (1991). Here, it was not necessary for the FOP to attach AFSCME's collective bargaining agreement with the OAG because that agreement would be in the possession of AFSCME. The preliminary objection is overruled.

## VI. Cost of Arbitration

■ AFSCME asserts that the FOP failed to allege the existence of any duty on the part of AFSCME toward the FOP for costs and expenses associated with arbitrating any grievances.[12] (*See* Preliminary Objections III, ¶¶ 11–12.)

The FOP argues that AFSCME has misconstrued its claim. The FOP states that, in its representative capacity, it is

11. Even if there was a defect in the caption, AFSCME recognizes that the defect is amendable; in fact, errors in a caption may be ignored. *See* 2 Goodrich–Amram 2d § 1018:5 (1991).

12. Paragraph 28 of the Petition states that, because of AFSCME's failure to process grievances, "the FOP is faced with the cost and expense of doing so now" and, as a result, the "FOP claims damages of AFSCME." AFSCME contends that it has no duty to reimburse the FOP for its representation of Employees.

seeking these damages because of AFSCME's breach of duty to *Employees.* Indeed, AFSCME allegedly breached its duty to represent Employees in arbitration proceedings, and, as a result, the FOP now must stand in the shoes of AFSCME as Employees' representative. While AFSCME was the official representative for Employees, AFSCME collected union dues and fair share fees from Employees to cover the cost of representing Employees in any matter, including arbitration. Because AFSCME allegedly failed to do so, the FOP seeks a refund of those dues and fees here. However, if the evidence shows that the refund of dues and fees does not cover the actual cost of arbitration, the court should be able to award an additional amount to make up the difference. Otherwise, the FOP would have to charge Employees higher union dues, and Employees should not have to bear that burden when AFSCME allegedly breached its duty. The preliminary objection is overruled.

### VII. Standing

■ AFSCME asserts that the FOP lacks standing to assert a claim against AFSCME for breach of duty of fair representation. (*See* Preliminary Objections I, ¶¶ 4–5.)

■ An association, as a representative of its members, may have standing to challenge an immediate or threatened injury affecting virtually all of the members of the association, even in the absence of injury to itself. *Higher Education Assistance Agency v. State Employes' Retirement Board,* 151 Pa.Cmwlth. 474, 617 A.2d 93 (1992), *aff'd,* 535 Pa. 521, 636 A.2d 629 (1994). However, when an association attempts to substitute itself for specific members having individual claims, the association lacks standing. *Id.*

Here, the FOP has alleged injuries to *all* Employees directly resulting from AFSCME's breach of duty of fair representation. AFSCME failed to negotiate the three-percent pay raise for *all* Employees, and the loss of the use of that money to acquire interest income is an injury to *all* Employees. Also, AFSCME's failure to process grievances will result in higher union dues for *all* Employees under the FOP because the FOP must pursue those grievances. Thus, this is not a situation where the FOP is attempting to substitute itself for specific members having individual claims. The preliminary objection is overruled.

### ORDER

AND NOW, this 19th day of July, 2001, the preliminary objections filed by Respondent American Federation of State, County and Municipal Employees, AFL–CIO, Council 13 (AFSCME) are overruled. AFSCME shall file an answer to the Petition for Review in the Nature of a Complaint for Breach of Duty of Fair Representation within thirty days of the date of this order.