# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Mayo,                                      :
                          Appellant              :
                                                   :
              v.                                   :    No. 279 C.D. 2018
                                                   :    Submitted: July 13, 2018
Newman, Poska, Haines,                             :
Eicher and Malholski, sued in                      :
their individual capacities and                    :
Jay Lane, sued in his official                     :
capacity                                           :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: August 15, 2018**


William Mayo (Mayo), representing himself, appeals from the order of the Court of Common Pleas of Fayette County (trial court) dismissing his amended complaint alleging civil torts and violations of his civil rights. Upon review, we vacate and remand for further proceedings.


## I. Background

Mayo is an inmate and was incarcerated at the State Correctional Institution in Fayette County (SCI-Fayette) at all times relevant to his cause of action. In January 2017, he filed a civil complaint against various SCI-Fayette

personnel (Defendants)[1] alleging torts including assault, battery, and infliction of emotional distress, as well as civil rights violations apparently asserted pursuant to 42 U.S.C. §1983 (Section 1983).

In response to the complaint, Defendants jointly filed various preliminary objections. Relevant here, the preliminary objections included averments that Mayo failed to exhaust his administrative remedies and failed to attach supporting documents demonstrating exhaustion. Mayo filed a response to the preliminary objections and attached exhibits documenting several grievances he filed (Original Grievances), including his administrative appeals of the Original Grievances, alleging misconduct by Defendants. In one instance, documentation indicated Mayo's appeal of a misconduct decision against him was denied because he pled no contest to the allegation of misconduct; however, the misconduct finding apparently was later withdrawn. In the other instances, Mayo's final appeals concerning the Original Grievances were denied as allegedly untimely.

In May 2017, before the trial court disposed of Defendants' preliminary objections, Mayo filed a motion for leave of court to amend his complaint to add averments concerning events occurring after he filed the complaint (Motion to Amend). Mayo attached a number of exhibits to the Motion to Amend, documenting new grievances he filed against Defendants (New Grievances), including administrative appeals relating to the New Grievances. The documents concerning

---

[1] Jay Lane is the Superintendent at the State Correctional Institution in Fayette County (SCI-Fayette). Lt. Newman, Sgts. Poska and Haines, and Corrections Officers Eicher and Malholski are employed by the Pennsylvania Department of Corrections at SCI-Fayette. Appellees' Brief at 4.

2

the New Grievances did not reflect denials of any appeals of the New Grievances as untimely.

In June 2017, the trial court granted the Motion to Amend, and Mayo filed his amended complaint. Although he did not attach as exhibits the grievance documents he previously filed with the Motion to Amend, Mayo expressly alleged exhaustion of his administrative remedies, along with averments concerning the New Grievances. See Am. Compl. at ¶¶13-14, 17-18, 21-22, 27, 30, 32-37.

In response to the amended complaint, Defendants filed preliminary objections similar to those filed in response to the original complaint. Of significance here, Defendants again alleged Mayo failed to attach copies of writings and did not exhaust his administrative remedies. Defendants also demurred to Mayo's claims under state tort law and Section 1983.

Mayo filed a response to the preliminary objections captioned "Plaintiff's Motion in Opposition to Defendants' Preliminary Objections to Amended Complaint" (Response to Preliminary Objections). In the Response to Preliminary Objections, Mayo contended any failure on his part to attach documents demonstrating his exhaustion of administrative remedies, as well as any untimeliness in submitting his administrative appeals, was caused by Defendants' alleged confiscation of his legal papers. See Response to Preliminary Objections at ¶¶12, 21-23; Plaintiff's Brief to Support in Opposition to Defendants' Preliminary Objections at 11.

Mayo requested oral argument on the preliminary objections to the amended complaint. Defendants took the position that the preliminary objections could be decided on the pleadings and briefs. The trial court initially scheduled an argument date, but on being informed no video-conferencing would be available, directed that Mayo would have to bear the expense of arranging for transportation to the argument. Mayo protested that he was unable to pay that cost, and he requested reconsideration of the trial court's order concerning the expenses. In response, on August 18, 2017, the trial court issued an order stating there was no right to oral argument and the preliminary objections would be decided on the pleadings and briefs.

On February 8, 2018, the trial court issued an order, without an opinion, sustaining Defendants' preliminary objection concerning failure to exhaust administrative remedies and dismissing the complaint. Mayo filed a notice of appeal.

After Mayo filed his notice of appeal, the trial court directed him to file a concise statement of errors complained of on appeal, pursuant to Pa. R.A.P. 1925(b) (Rule 1925(b) Statement). In his Rule 1925(b) Statement, Mayo raised two issues. First, he asserted the trial court erred in refusing to hold oral argument on Defendants' preliminary objections to the amended complaint. Second, he contended the trial court erred in finding he failed to exhaust his administrative remedies.

4

The trial court then issued an opinion pursuant to Pa. R.A.P. 1925(a) (Rule 1925(a) Opinion). The Rule 1925(a) Opinion consisted of three paragraphs totaling less than a full page in length. In the main section of the Rule 1925(a) Opinion, the trial court noted Mayo's Rule 1925(b) Statement was facially untimely. However, before the trial court issued its order directing Mayo to file the Rule 1925(b) Statement, Mayo was transferred to another institution. The trial court acknowledged that its order was initially sent to SCI-Fayette, resulting in a delay in delivery to Mayo. Although the trial court did not expressly find Mayo's Rule 1925(b) Statement timely in light of the error in mailing, that was apparently the trial court's conclusion.[2]

Concerning the substance of the issues Mayo raised, the trial court stated without analysis that it addressed the exhaustion of remedies in its order sustaining Defendants' preliminary objection on that issue. The trial court did not address its refusal to hold oral argument on Defendants' preliminary objections.

---

[2] Questions of timeliness of statements filed under Pa. R.A.P. 1925(b) are normally determined by the trial court. See Pa. R.A.P. 1925(c)(1); Zokaites Props., LP v. Butler Twp. Unif. Constr. Code Bd. of Appeals (Pa. Cmwlth. No. 519 C.D. 2016, filed May 3, 2017), 2017 Pa. Commw. Unpub. LEXIS 314 (unreported) (appellate court may remand for trial court to determine whether 1925(b) statement was timely).

## II. Issues

On appeal,[3] Mayo focuses primarily on his contention that the trial court erred in refusing his request for oral argument on the preliminary objections. The reason for this focus, Mayo explains in his reply brief, is that oral argument would have provided him an opportunity of explaining further how Defendants' conduct prevented him from exhausting his administrative remedies, to the extent he may have failed to do so.

Defendants respond that the trial court acted within its discretion in denying oral argument on the preliminary objections. Regarding exhaustion of administrative remedies, Defendants argue Mayo waived that issue by insufficient development in his brief.

## III. Discussion

### A. Failure to Grant Oral Argument

We find no merit in Mayo's contention that the trial court should have granted oral argument on Defendants' preliminary objections. As Defendants correctly observe, whether to grant oral argument on pretrial matters, such as preliminary objections, is within the sound discretion of the trial court. Young v. Estate of Young, 138 A.3d 78 (Pa. Cmwlth. 2016). Mayo fails to point to any legal argument he could have offered orally that he did not or could not provide in his

---

[3] This Court's review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. Kull v. Guisse, 81 A.3d 148 (Pa. Cmwlth. 2013), appeal denied, 91 A.3d 163 (Pa. 2014). All well-pled facts in the complaint and all reasonable inferences from those facts are accepted as true. Id. A trial court may sustain preliminary objections only where it is clear and free from doubt that the facts as pled are legally insufficient to establish a right to relief. Kittrell v. Watson, 88 A.3d 1091 (Pa. Cmwlth. 2014). That issue is a question of law subject to plenary review by this Court. Id.

response to the preliminary objections. We discern no abuse of discretion by the trial court in denying oral argument.

## B. Exhaustion of Administrative Remedies

Failure to exhaust administrative remedies is a defense to actions asserting claims that may be addressed through administrative entities. Kittrell v. Watson, 88 A.3d 1091 (Pa. Cmwlth. 2014). For civil rights claims implicating prison conditions, courts are subject to both federal and state exhaustion requirements. 42 U.S.C. §1997e(a); 42 Pa. C.S. §6603(a); Kittrell. Specifically, exhaustion requirements apply to inmate claims of physical abuse alleging common law torts and violations of constitutional rights. See Minor v. Kraynak, 155 A.3d 114 (Pa. Cmwlth. 2017).

The administrative remedies available in Pennsylvania state prisons are set forth in a Department of Corrections (DOC) grievance policy at 37 Pa. Code §93.9. An inmate who has received an initial determination on his grievance must appeal to the Superintendent, and if necessary, must thereafter seek final review with DOC. Kittrell. Proper exhaustion of administrative remedies also requires compliance with filing deadlines and other critical procedural rules. Id. If an inmate fails to complete each step, he fails to exhaust his administrative remedies. Id.

Here, Mayo asserts that he exhausted all administrative remedies. Without holding a hearing, the trial court sustained Defendants' preliminary objection asserting failure to exhaust administrative remedies. Neither the trial court's decision nor its Rule 1925(a) Opinion offered any explanation of its decision.

7

Mayo's failure to attach documents to the amended complaint likewise did not facially provide an explanation for the dismissal. Only documents forming the basis of the cause of action must be attached as exhibits to a complaint. See Pa. R.C.P. No. 1019(i). Here, Mayo based his claims on alleged improper conduct by Defendants. The grievance documents offer evidence concerning those claims, but are not the basis of the claims. Accord Foster v. Peat Marwick Main & Co., 587 A.2d 382 (Pa. Cmwlth. 1991) (financial statements were evidence but did not create the legal obligation forming the basis of the complaint).

In addition, the grievance documents are presumably in Defendants' possession. Therefore, Mayo did not have to attach them to his amended complaint. See Narcotics Agents Reg'l Comm. v. Am. Fed'n of State, Cty. & Mun. Emps., 780 A.2d 863 (Pa. Cmwlth. 2001); Foster.

Moreover, Pa. R.C.P. No. 1019(i) provides that where documents subject to the rule are not in the plaintiff's possession, he may so aver and is not required to attach them. Here, Mayo contends prison personnel confiscated his legal papers.

Thus, we cannot assume that failure to attach documents to the complaint or amended complaint formed the basis of the trial court's decision.

Similarly, the existing record does not establish that the trial court found Mayo failed to exhaust his administrative remedies on the basis that his appeals of certain grievances were deemed untimely on administrative review. As

discussed above, Mayo disputed the findings of untimeliness and argued any lateness in filings was caused by prison personnel in confiscating his legal papers. Thus, he raised issues of fact that required disposition before the trial court's ruling on the exhaustion issue.

Further, and significantly, the New Grievances documented in the Motion to Amend contained no indications of untimeliness at any level of administrative review. Facially, therefore, the record indicates that Mayo pursued at least the New Grievances completely through the administrative process.

As a defense asserted in a preliminary objection under Pa. R.C.P. No. 1028(a)(7), failure to exhaust remedies generally cannot be determined from the existing record and requires consideration of facts presented in a hearing or by other evidence. Minor. Here, the existing record fails to support the trial court's dismissal of the amended complaint based on failure to exhaust administrative remedies. A remand is necessary to allow development of a factual record before determination of whether Mayo properly exhausted his administrative remedies.

## IV. Conclusion

In the absence of specific findings by the trial court, this Court is unable to discern a sufficient factual or legal basis for the trial court's decision that Mayo failed to exhaust his administrative remedies.[4] Consequently, we vacate the trial

---

[4] We reject Defendants' argument that Mayo failed to develop his exhaustion of remedies argument sufficiently in his appellate brief. Although somewhat rambling, Mayo's argument appears to be that the trial court's alleged error in precluding oral argument prevented Mayo from fully developing his position concerning the reasons for his failure, if any, to exhaust his

court's decision and remand this matter to the trial court for further proceedings consistent with this opinion, including, if necessary, consideration of Defendants' other preliminary objections.

 

 

_____
ROBERT SIMPSON, Judge

---

administrative remedies. Thus, the two issues are closely intertwined. Further, as discussed above, documents concerning Mayo's pursuit of administrative remedies are part of the record. We find the record was sufficient to allow meaningful appellate review of the issues critical to our determination of the appeal. See Galiyas v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 2317 C.D. 2010, filed August 10, 2011) (unreported) (courts construe the filings of unrepresented parties liberally and will not find waiver based on defects in briefs, where major issues and arguments are discernible and meaningful appellate review is possible).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Mayo, : 
          Appellant : 
           : 
          v. :   No. 279 C.D. 2018
           : 
Newman, Poska, Haines, : 
Eicher and Malholski, sued in : 
their individual capacities and : 
Jay Lane, sued in his official : 
capacity : 

## **O R D E R**

**AND NOW**, this 15th day of August, 2018, the February 8, 2018 order of the Court of Common Pleas of Fayette County is **VACATED**. This matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

 

_____
ROBERT SIMPSON, Judge