IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cory Yedlosky and Chris Taylor,                :
                              Appellants       :
                                               :
                                               :
              v.                               :  No.  401 C.D. 2024
                                               :  Argued:  December 9, 2024
Pennsylvania State Corrections                 :
Officers Association, Local                    :
SCI-Huntingdon, Bryan Peroni, in his           :
official and personal capacities and           :
Pennsylvania State Corrections Officers        :
Association                                    :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED:  January 8, 2025


        Cory Yedlosky and Chris Taylor (collectively, the Officers) appeal from the

order of the Court of Common Pleas of Huntingdon County (Common Pleas), dated

June 26, 2023, which granted summary judgment in favor of their former unions, the

Pennsylvania State Corrections Officers Association (PSCOA) and the Pennsylvania

State Corrections Officers Association, Local SCI-Huntingdon (Local) (collectively,

the Unions), and in favor of Local's former treasurer, Bryan Peroni (Peroni), in his

official and personal capacities.  The Officers challenge Common Pleas' decision to

grant summary judgment on their breach of contract and implied breach of contract claims against the Unions. After careful review, we affirm.

## BACKGROUND

The Officers filed a praecipe for writ of summons on November 19, 2019, and a complaint on January 17, 2020. Ultimately, the Officers filed their fourth amended complaint on February 16, 2021, alleging breach of contract and breach of implied contract against the Unions, alleging negligent misrepresentation against Peroni, and requesting an accounting of Local's funds.[1] The Officers alleged they were formerly members of the Unions while employed as corrections officers at the State Correctional Institution at Huntingdon. They alleged Peroni used his role as Local's treasurer to misappropriate funds during their time as union members. Peroni's misappropriation involved writing checks to reimburse himself for charitable contributions he seemingly never made and writing checks for unauthorized cell phone reimbursements to himself and to another Local official, among other things. The Officers asserted the Unions took no action to stop the misappropriation.

In relevant part, the Officers alleged they formed a written or implied contract with the Unions at the time they applied for and received union membership. Under the terms of this contract, the Officers agreed to pay dues in exchange for the benefits of union membership, as expressed in the Unions' constitution, bylaws, and policies. The Officers alleged the Unions breached the contract by failing to enforce financial protections found in the constitution, bylaws, and policies that would have prevented Peroni's misappropriation. Thus, the Officers maintained they suffered harm "in the form of damages from the breach of their contract with the [U]nions, lost union dues,

---

[1] Although Common Pleas granted summary judgment as to all claims raised in the fourth amended complaint, we focus our discussion on the breach of contract and breach of implied contract claims, which are the only matters at issue in this appeal.

2

inadequate representation, and loss of confidence in the [U]nions' ability to fairly represent [the Officers'] interests." Reproduced Record (R.R.) at 119a-20a.

The Unions and Peroni filed motions for summary judgment on February 28, 2023. The Unions acknowledged Peroni's misappropriation, explaining he was later convicted of theft, and contended they already recovered $29,365 in misappropriated funds. Even assuming a contract existed, the Unions argued, the Officers failed to allege breach of a duty imposed under the contract or resulting damages. The Unions argued the Officers failed to allege any way in which the representation they received was inadequate or the ability to represent them was diminished. Further, the Unions argued the Officers claims alleged a breach of the duty of fair representation, rather than a breach of contract.

The Officers filed their own motion for summary judgment that same day. In addition to arguments regarding Peroni's misappropriation of funds during his time as Local's treasurer, the Officers maintained PSCOA's officials used union funds to engage in more than $234,000 of personal spending.[2] The Officers cited a forensic audit of PSCOA's credit card expenses, which revealed spending on things such as "golfing trips, trips to Miami Dolphins games, thousands of dollars on Apple iTunes and even almost $12,000 on a Rolex watch." R.R. at 710a. The Officers also cited allegedly "unaccounted-for" contributions to a charitable organization and funds that were allegedly missing from a trust. *Id.* at 711a. The parties filed their responses to the opposing motions for summary judgment on March 15, 2023.

Common Pleas granted summary judgment in favor of the Unions and Peroni and denied summary judgment in favor of the Officers by order dated June 26, 2023. Even assuming existence and breach of a contractual duty by the Unions, Common

---

[2] The Officers assert in their brief that five former PSCOA officials were later arrested and charged with theft-related offenses. Officers' Br. at 20.

3

Pleas concluded the Officers failed to establish damages. Common Pleas explained the Officers could not point to any instance when the Unions failed to provide them with a desired service or benefit, or when the Unions did not advocate appropriately during the collective bargaining process. Common Pleas reasoned, therefore, that the Officers "cannot be said to have received less than what they paid for, and their claims for damages fail." Common Pleas Op., 6/26/23, at 6. Additionally, Common Pleas explained any damages resulting from the Officers' loss of confidence in the Unions or the possibility that union dues might have been lower if not for the breach would be too remote and speculative to recover.

The Officers timely filed this appeal. Before the Court, the Officers maintain they established the existence of a contract, breach of a duty under that contract, and resulting damages. The Officers contend the Unions promised to enforce financial protections in their constitution, bylaws, and policies, but violated that promise and allowed misappropriation of union funds. Regarding damages, the Officers contend union funds were wasted to their detriment, causing them to lose the benefit of their bargain and confidence in the Unions' ability to represent them. The Officers argue they are entitled to at least nominal damages once a breach of contract is established, such that Common Pleas erred by granting summary judgment based on the absence of damages alone.

## DISCUSSION

We review orders granting summary judgment for an error of law or an abuse of discretion. *Balentine v. Chester Water Auth.*, 191 A.3d 799, 803 n.3 (Pa. 2018). Summary judgment is proper only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Brown-Boyd v. Se. Pa. Transp. Auth.*, 320 A.3d 872, 875 (Pa. Cmwlth. 2024). "Whether genuine issues of

4

material fact exist is a question of law, 'and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals.'" *Id.* (quoting *Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902-03 (Pa. 2007)). We review the record "in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Howarth v. Falls Twp.*, 310 A.3d 336, 343 (Pa. Cmwlth. 2024) (quoting *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 195 (Pa. 2007)).

To establish a breach of contract, plaintiffs must prove "(1) the existence of a contract, (2) a breach of the duty imposed by the contract and (3) damages resulting from the breach." *Sewer Auth. of City of Scranton v. Pa. Infrastructure Inv. Auth. of Commonwealth*, 81 A.3d 1031, 1041-42 (Pa. Cmwlth. 2013). A contract may be made orally or in writing and may even be inferred from the parties' actions. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). The Officers allege the existence of a written contract or, alternatively, a contract implied in fact, which exists if "the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from acts in the light of the surrounding circumstances." *Mun. Auth. of Borough of Midland v. Ohioville Borough Mun. Auth.*, 108 A.3d 132, 138 (Pa. Cmwlth. 2015) (quoting *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 983 A.2d 652, 659 (Pa. 2009)).

## A. Breach of Duty

Here, the Officers base their breach of contract and implied breach of contract claims on the allegation that Union officials permitted misappropriation of funds by failing to enforce the financial protections in their constitution, bylaws, and policies.

5

Officers' Br. at 24-26. According to the Officers, they paid union dues "in exchange for the Unions' promise of fair and meaningful representation and safeguarding of the Unions' funds. The Officers therefore expected the Unions to fulfill the promises set forth in their [c]onstitution, bylaws, and policies by ensuring that their dues were spent appropriately." *Id.* at 25. As the Officers argue, our courts have characterized the constitution and bylaws of unincorporated associations as contracts. *See Alvino v. Carraccio*, 162 A.2d 358, 361 (Pa. 1960).

Our review of the record does not, however, reveal any breach of a contractual duty. The Unions' constitution, bylaws, and policies do not guarantee members will elect only trustworthy people to serve as officials, nor does it guarantee officials will implement and comply with financial protections once elected. Rather, the Unions' constitution, bylaws, and policies provide a disciplinary procedure for officials who violate their terms. PSCOA's constitution contains a procedure for union members to bring charges against "members, officers, Local Unions or any subordinate body." R.R. at 180a. Grounds for bringing charges include, among other things, violating the constitution, misappropriating PSCOA funds, and allowing officials of a local union to "conduct its affairs[] as to hinder, prejudice, or injure the rights or interests of members."[3] *Id.* Potential penalties include fines and financial reimbursements.[4] *Id.* at 184a.

It is also important to recognize that union members must exhaust the internal remedies available to them before proceeding to court. *See Narcotics Agents Reg'l*

---

[3] The procedure allows for any member to bring charges, unless the accused is a PSCOA official or member of the Executive Board, in which case charges must be brought "by a Motion made by any Local Union and seconded by five . . . Local Unions." R.R. at 181a.

[4] PSCOA's constitution also includes a procedure for placing a local union in a "trusteeship" for purposes of correcting corruption and "financial malpractice." R.R. at 170a, 177a.

6

*Comm. v. Am. Fed'n of State, Cnty. & Mun. Emps.*, 780 A.2d 863, 867 (Pa. Cmwlth. 2001).[5] PSCOA's constitution includes the following exhaustion provision:

> Members or officers of [PSCOA] and its subordinate bodies who may have controversies relating to [PSCOA] affairs, or against whom charges have been preferred or against whom disciplinary or adverse action has been taken, shall be obligated to exhaust all remedies provided for in this [c]onstitution before resorting to any court or tribunal.

R.R. at 185a.[6] Our review of the record does not reveal any attempt by the Officers to pursue the remedies available to them under the constitution, bylaws, and policies while they remained members of the Unions. Further, our review does not reveal an explanation by the Officers that pursuing the remedies would have been ineffective in addressing concerns with the Unions' financial mismanagement.

**B. Damages**

To the extent the Officers have established a breach of the Unions' contractual duties, we agree with Common Pleas they cannot establish damages. The Officers contend Common Pleas failed to consider the variety of damages available to them for a breach of contract and instead "conducted an analysis from tort law, tied to the Unions' fiduciary duty of fair representation." Officers' Br. at 26-27. The Officers propose they should be reimbursed for dues they paid while members of the Unions.

---

[5] Exceptions exist if internal remedies "can well be considered illusory" or "the union officials are obviously biased or have prejudged the member's case before hearing it." *Narcotics Agents Reg'l Comm.*, 780 A.2d at 867.

[6] Local's bylaws include a similar provision, directing that no member or officer "shall resort to any Court or agency outside . . . PSCOA until all forms of relief and avenues of appeal, as provided by the [c]onstitution and these [b]ylaws, have been exhausted, unless provided by statutory law." R.R. at 274a.

*Id.* at 29-34.  They present several theories in support of this request, directing our attention to the following explanation by our Supreme Court:

> [I]n the law of contracts remedies for breach are designed to protect either a party's expectation interest by attempting to put him in as good a position as he would have been had the contract been performed, that is, had there been no breach; his reliance interest by attempting to put him back in the position in which he would have been had the contract not been made; or his restitution interest [by requiring] the other party to disgorge the benefit he has received by returning it to the party who conferred it.

*Trosky v. Civ. Serv. Comm'n*, 652 A.2d 813, 817 (Pa. 1995) (citations and quotation marks omitted).

As Common Pleas explains, however, the Unions did not deprive the Officers of the benefits of union membership.  In their depositions, the Officers conceded the Unions never refused to file a grievance on their behalf and never refused to assist them with an alleged unfair labor practice or other employment issue.  R.R. at 379a-81a, 430a-31a.  We see no evidence to conclude that the Officers would be in a better position had there been no misappropriation of funds, that the Officers spent money in anticipation of receiving a benefit the Unions failed to provide, or that the Unions unjustly retained any money they did not earn from the Officers.  Indeed, the Unions' violation of the constitution, bylaws, and policies has had no appreciable impact on the Officers at all.

The Officers contend they lost confidence in the Unions' ability to represent them.  Officers' Br. at 21.  They also observe PSCOA lowered the cost of union dues after it began taking greater financial precautions.  *Id.* at 19-20.  "As a general rule, damages are not recoverable if they are too speculative, vague or contingent and are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty."  *Spang & Co. v. U.S. Steel Corp.*, 545 A.2d 861, 866 (Pa.

8

1988).  We agree with Common Pleas that damages resulting from the Officers' lost confidence and potentially lower dues are too remote and speculative to recover.

In addition, the Officers argue they are entitled to recover nominal damages if a breach of contract is established, which means Common Pleas erred by granting summary judgment based on the absence of damages alone.  Officers' Br. at 34-35. We have recognized the injury in a breach of contract action is the failure to perform, such that plaintiffs may recover at least nominal damages when a breach occurs.  *See Carulli v. N. Versailles Twp. Sanitary Auth.*, 216 A.3d 564, 583 (Pa. Cmwlth. 2019) (en banc).  Nonetheless, the Officers did not include a specific request for nominal damages in their fourth amended complaint, in their response to the Unions' motion for summary judgment, or during argument on the motion before Common Pleas. Nominal damages are, therefore, waived.  Pennsylvania Rule of Appellate Procedure 302(a), Pa.R.A.P. 302(a) (issues raised for the first time on appeal are waived); *Elia v. Olszewski*, 84 A.2d 188, 191 (Pa. 1951) ("[W]e will not ordinarily reverse [for nominal damages] alone where no request was made for the same at the trial and no establishment of a property right is involved.").[7]

## CONCLUSION

The Officers have failed to establish a genuine issue of material fact regarding a breach of contractual duty or damages, and the Unions are entitled to judgment as

---

[7] We also note for persuasive value the decisions of the Pennsylvania Superior Court in *Thorsen v. Iron & Glass Bank*, 476 A.2d 928, 931 (Pa. Super. 1984) (declining to reverse entry of summary judgment on an alleged breach of contract where the appellant did not request nominal damages), and the United States District Court for the Eastern District of Pennsylvania in *Welding Engineers Ltd. v. NFM/Welding Engineers, Inc.*, 352 F. Supp. 3d 416, 434-35 (E.D. Pa. 2018) ("[U]nder Pennsylvania law any breach of contract entitles the injured party to at least nominal damages.  To defeat summary judgment based on an entitlement to nominal damages, a plaintiff must request nominal damages in its complaint or seek to amend its complaint to request nominal damages.") (citations omitted).

a matter of law. The constitution, bylaws, and policies do not ensure union officials will comply with their terms but provide a disciplinary procedure to punish officials who engage in misconduct. Further, the Officers cannot identify damages they have suffered because of the misconduct alleged in this matter other than by speculation. We affirm Common Pleas' June 26, 2023 order, which granted summary judgment against the Officers and in favor of the Unions and Peroni.

 

 

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cory Yedlosky and Chris Taylor,        :
                        Appellants  :
                                :
         v.                 : No.  401 C.D. 2024
                                :
Pennsylvania State Corrections     :
Officers Association, Local        :
SCI-Huntingdon, Bryan Peroni, in his  :
official and personal capacities and  :
Pennsylvania State Corrections Officers :
Association                       :

# **O R D E R**

     **AND NOW**, this 8th day of January 2025, the order of the Court of Common Pleas of Huntingdon County, dated June 26, 2023, is **AFFIRMED**.

_____
STACY WALLACE, Judge